[Civ. No. 15749. Fourth Dist., Div. Two. Mar. 2, 1977.]

RICHARD BOWDEN, Plaintiff and Appellant, v.
DANIEL N. ROBINSON et al., Defendants and Respondents.

706

**COUNSEL**

Paul Augustine, Jr., and Marvin B. Kapelus for Plaintiff and Appellant.

Eadington, Thompson, Richman & Van Wert and Gary D. Vestermark for Defendants and Respondents.

**OPINION**

**MORRIS, J.**—Plaintiff-appellant, Richard Bowden, brought an action for common law fraud, fraud under the Corporate Securities Act, and money had and received against defendants-respondents. After defendants filed their answer, both parties made motions for summary judgment and submitted declarations in support and in opposition thereto. The trial court granted defendants' motion for summary judgment.

Judgment reversed.

*Statement of Facts*

The complaint, filed on March 4, 1975, as later amended, alleged that defendants Daniel N. Robinson, Ronald Compton, Norman Compton, Caroline Robinson, Edward Hutton and Edgar Hutton were all officers, directors and employees of G COMP, INC., a Maryland corporation. The first cause of action alleges that the defendants, on or about September 1, 1972, represented to plaintiff that G COMP, INC. was qualified to issue stock in California; that this representation was false and was known by each of the defendants to be false; that G COMP, INC. was not qualified to issue stock in California; that no application for a permit to issue stock had been made to the California Division of Corporations and that G COMP, INC. was not exempt from the Corporate Securities Act of 1968; that plaintiff, believing the representation to be true and relying thereon, paid $10,500 to defendants for 15,000 shares of G COMP, INC. common

stock; that no share certificates were delivered; that as the direct and proximate result of defendants' acts, plaintiff was damaged in the sum of $10,500 plus interest from September 1, 1972; and that defendants' acts were willfull, malicious, fraudulent and deliberate, entitling plaintiff to exemplary damages of $500,000.

The second cause of action incorporates all of the allegations of the first cause of action, and alleges that the defendants' acts violated section 25401 of the California Corporations Code; and that the taking of consideration for the purchase of the G COMP, INC. stock violated sections 25110 and 25500 of the California Corporations Code.

The third cause of action merely states a common count, alleging: "That within two years last past, the defendants, and each of them, became indebted to the plaintiff in the sum of $10,500.00 for money had and received by defendants, and each of them, for the account of plaintiff."

The fourth cause of action alleges that defendant D. N. Robinson, on or about June 3, 1974, offered to transfer and attempted to transfer 3,500 shares of stock in STANDARD LOGIC, INC., a California corporation, to plaintiff; that these actions were in violation of California Corporations Code section 25110, the stock in question not being exempt from section 25110 or the provisions of the Securities Act of 1933; that by a written instrument dated March 15, 1974, defendant D. N. Robinson promised to pay the sum of $10,500 to plaintiff on or about August 31, 1974; and that no part of this sum has been paid, the whole thereof being due, owing and unpaid from said defendant to plaintiff.

On April 23, 1975, defendants answered, denying most of the material allegations in the complaint, and asserting that the complaint failed to state facts sufficient to constitute a cause of action; that plaintiff's first and second causes of action were barred by the statutes of limitation found in the Corporations Code; that on or about April 10, 1974, and after plaintiff's "loan" to G COMP, INC., upon which plaintiff's causes of action were based, plaintiff and defendant D. N. Robinson entered a novation whereby plaintiff would accept 3,500 shares of STANDARD LOGIC, INC., owned by D. N. Robinson, and that this agreement was intended to extinguish the obligations created by the agreements upon which plaintiff's complaint was based and substitute the new agreement in their place, releasing D. N. Robinson from all obligations other than

delivering 3,500 shares of common stock in Standard Logic, Inc.; and that plaintiff's first, second and third causes of action were barred by subdivision 2 of Civil Code section 1624 (i.e., statute of frauds with respect to a promise to answer for the debt of another).

On September 2, 1975, plaintiff filed a notice of motion for summary judgment. On October 15, 1975, defendants filed a notice of motion for summary judgment or for an order specifying issues without substantial controversies. On February 2, 1976, the trial court entered its order denying plaintiff's motion for summary judgment and granting defendants' motion for summary judgment. It is from this judgment that plaintiff appeals.

## Discussion

■ . Both parties agree that a primary issue in the trial court was whether the allegations in the complaint state sufficient facts to constitute a cause of action. Although this question should have been addressed in the context of a general demurrer under Code of Civil Procedure section 430.10, subdivision (e), or on a motion for judgment on the pleadings, such defect is not waived by the failure to raise it by demurrer and may be considered in the context of a motion for summary judgment or on appeal. (See 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, §§ 808, 854, pp. 2418, 2456; 4 Witkin, Cal. Procedure (2d ed. 1971) Proceedings Without Trial, § 161, pp. 2816-2817.)

Summary judgment on the first cause of action could only have been granted if the trial court found that plaintiff had failed to state facts sufficient to constitute a cause of action for common law fraud; or that the affidavits indicated there was no triable issue of material fact (Code Civ. Proc., § 437c); or that the Corporate Securities Law of 1968 had replaced and superseded the common law cause of action. (See Corp. Code, § 25000 et seq.) Since the affidavits were insufficient to remove all triable issues of material fact, and since the statute of limitations for common law fraud had not run, it is apparent that the court must have concluded that the Corporate Securities Act has superseded the common law cause of action for fraud. (See 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 572 et seq.; Code Civ. Proc., § 338.)

Therefore, the primary issue on this appeal is whether or not the Corporate Securities Law of 1968 supersedes all other claims previously

cognizable at common law relating to transactions in securities. Prior to the Corporate Securities Law of 1968, the availability of a common law action for fraud in corporate security cases was firmly established. (*Mary Pickford Co.* v. *Bayly Bros., Inc.,* 12 Cal.2d 501, 519-526 [86 P.2d 102]; *Walton* v. *Anderson,* 6 Cal.App.3d 1003 [86 Cal.Rptr. 345]; *Gormly* v. *Dickinson,* 178 Cal.App.2d 92 [2 Cal.Rptr. 650].)

■ The Corporate Securities Law of 1968 created an entirely new area of statutory liability dealing with fraudulent practices in securities transactions. (Olson, *The California Corporate Securities Law of 1968,* 9 Santa Clara Law. 75, 98 [hereinafter Olson]; Corp. Code, §§ 25400, 25401, 25402.) Respondents assert that these fraud provisions when viewed in light of the sections requiring qualification and providing remedies and limitations thereto, indicate the Legislature's intent to repudiate the common law fraud actions based upon representations that the stock being offered for sale is properly qualified. (Corp. Code, § 25100 et seq.; Olson, *supra,* at pp. 75-100; compare with *Mary Pickford Co.* v. *Bayly Bros., Inc., supra,* 12 Cal.2d 501.) In view of the clear expression of the legislative intent, we disagree.

### I. Qualification Violations

Sections 25110, 25120 and 25130 make it unlawful to offer or sell any security without qualifying the security or transaction, unless it is exempt under Corporations Code section 25100 et seq. Corporations Code section 25503 imposes liability upon a person violating section 25110 (issuer transactions) and section 25130 (nonissuer transactions) providing in pertinent part that the violator "shall be liable to any person acquiring from him the security sold in violation of such section, who may sue to recover the consideration he paid for such security with interest thereon at the legal rate, less the amount of any income received therefrom, upon the tender of such security, or for damages, if he no longer owns the security, or if the consideration given for the security is not capable of being returned. Damages, if the plaintiff no longer owns the security, shall be equal to the difference between (a) his purchase price plus interest at the legal rate from the date of purchase and (b) the value of the security at the time it was disposed of by the plaintiff plus the amount of any income received therefrom by the plaintiff. [¶] Damages, if the consideration given for the security is not capable of being returned, shall be equal to the value of that consideration plus interest at the legal rate from the date of purchase, provided the security is

tendered; and if the plaintiff no longer owns the security, damages in such case shall be equal to the difference between (a) the value of the consideration given for the security plus interest at the legal rate from the date of purchase and (b) the value of the security at the time it was disposed of by the plaintiff plus the amount of any income received therefrom by the plaintiff. . . ."

Sections 25110, 25130 and 25503 create liability affording the immediate purchaser several specific remedies. None of the above sections require scienter, negligence, or plaintiff's reliance. (2 Ballantine & Sterling, Cal. Corporation Laws (4th ed. 1976) § 463.02[2], pp. 932.37-932.38.) The Legislature, in section 25503, by the words "any person acquiring from him" has required privity, with some exceptions, as a condition of recovery. (See Olson, *supra,* at pp. 97-98.) It seems apparent that the above qualification-violation sections were a response to the deficiencies in, or difficulty in proving, common law fraud. (See Comment, *The Availability of Variant State Remedies for Pendent State Fraud Claims Actionable Under the Federal Securities Acts,* 47 So.Cal.L. Rev. 1213, 1229.)

Establishing a violation, and obtaining recovery, under these new sections is so much less difficult than establishing common law fraud, that the Legislature has imposed a statute of limitations requiring that any cause of action under section 25503 be brought within two years of the violation or within one year after discovery thereof, "whichever shall first expire." (Corp. Code, § 25507, subd. (a).) This limitation is imposed to prevent purchasers from employing the remedies for violation of the qualification provisions to shift the risk of a bad investment to the seller. (See Olson, *supra,* at p. 97; Dahlquist, *Regulation and Civil Liability Under the California Corporate Securities Act: IV,* 34 Cal.L.Rev. 695, 708.)

## II. Fraud

A cause of action for corporate securities fraud (Corp. Code, §§ 25400, subd. (d) or 25401) or common law fraud, founded upon *an actual misrepresentation* as to the qualification of the security being sold, does not, as respondents claim, render sections 25503 and 25507, subdivision (a), ineffective merely because the statute of limitations for the actions in fraud are extended beyond the limitation provided by those sections for qualification violations.

In making this argument, respondents rely on *Ingenito v. Bermec Corporation* (S.D.N.Y. 1974) 376 F.Supp. 1154, interpreting comparable sections of the Federal Securities Act of 1933. In *Ingenito,* the plaintiffs brought suit alleging securities law violations, as well as common law fraud. It is unnecessary to set forth the rather complex factual contentions of the plaintiffs further than to state that the plaintiffs contended that defendants' fraud induced them to retain their securities well past the time they would have rescinded their initial purchase transaction. The fraud action was predicated upon the nondisclosure of their right to rescind the original transaction. In holding that such action was barred by the section 13 statute of limitations, the court stated: ". . . we believe it would do violence to Congress' clear intention in providing a statutory right to rescind if a fraud claim could be predicated on its very non-disclosure. Liability for the sale of unregistered securities is very nearly strict liability. . . . scienter need not be pleaded or proven; mere proof of the sale of unregistered securities is sufficient. For such a drastic remedy Congress accordingly provided (in § 13 of the Securities Act, 15 U.S.C. § 77m) a short, double-barrelled limitations period of one and three years. . . . Congress can hardly have intended to create a strictly limited cause of action for rescission, whose timely prosecution is essential to its survival, . . . and *also* to permit a . . . fraud claim for failure to call investors' attention to the existence of the right." (*Id.,* at pp. 1176-1177.)

Thus, the court recognized (just as we have in the case of qualification violations) that where the limitation for commencement of the action is an integral part of the cause of action, the right, as well as the remedy, is extinguished upon expiration of the limitation prescribed by the act.

However, *Gridley v. Sayre & Fisher Co.* (D.S.D. 1976) 409 F.Supp. 1266, indicates that while a registration violation under the federal act cannot, without proof of additional elements, constitute corporate securities or common law fraud, these causes of action are not precluded merely because a securities registration violation was involved.

1. *Corporate Securities Fraud*

Section 25400 provides, in pertinent part, that "It is unlawful for any person, directly or indirectly, in this state: . . . (d) If such person is a broker-dealer or other person selling or offering for sale or purchasing or

offering to purchase the security, to make, for the purpose of inducing the purchase or sale of such security by others, any statement which was, at the time and in the light of the circumstances under which it was made, false or misleading with respect to any material fact, or which omitted to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, and which he knew or had reasonable ground to believe was so false or misleading."

Section 25500 provides: "Any person who willfully participates in any act or transaction in violation of Section 25400 shall be liable to any other person who purchases or sells any security at a price which was affected by such act or transaction for the damages sustained by the latter as a result of such act or transaction. Such damages shall be the difference between the price at which such other person purchased or sold securities and the market value which such securities would have had at the time of his purchase or sale in the absence of such act or transaction, plus interest at the legal rate."

Sections 25400, subdivision (d), and 25500 establish a statutory cause of action for fraud, however, conspicuously avoiding the requirement of "actual reliance." (Olson, *supra,* at p. 98.) The Legislature is again expressing its intention to afford the victims of securities fraud with a remedy without the formidable task of proving common law fraud. (See Cary, Corporations—Cases & Materials (4th ed. 1969) at pp. 1455-1456; 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 573, pp. 2210-2211.) Furthermore, although section 25500 requires the violator's acts to cause the resultant damages, damages are fixed by the last sentence of that section. Punitive damages are not available to those who choose to proceed under the above corporate misrepresentation statute rather than under a common law fraud action. (Corp. Code, §§ 25400, subd. (d), 25500; compare, *Walton* v. *Anderson, supra,* 6 Cal.App.3d 1003, under the prior securities law; and see 2 Ballantine & Sterling, Cal. Corporation Laws, § 463.03, pp. 932.40-932.41.) Recognizing that dispensing with the "actual reliance" requirement of common law fraud eases the plaintiff's burden, the Legislature provided that such actions must be brought before the expiration of four years after the act or transaction constituting the violation, or the expiration of one year after the discovery by the plaintiff of the facts constituting the violation, whichever shall first expire. (Corp. Code, § 25506.) Again, the Legislature is expressing an intent to provide new and liberalized actions and remedies for the victims of corporate

security violations while, at the same time, preventing speculation by the alleged victim at the expense of innocent parties. (Dahlquist, *Regulation and Civil Liability Under the California Corporate Securities Act: IV,* 34 Cal.L.Rev. 695, 708.) By limiting the period after discovery of the misrepresentation to one year, the Legislature has diminished the time period in which speculation can take place. (Compare Code Civ. Proc., § 338, subd. 4.)

### 2. *Negligent Misrepresentation*

Section 25401 provides that: "It is unlawful for any person to offer or sell a security in this state or buy or offer to buy a security in this state by means of any written or oral communication which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading." Section 25501 states in part that: "Any person who violates Section 25401 shall be liable to the person who purchases a security from him or sells a security to him, who may sue either for rescission or for damages (if the plaintiff or the defendant, as the case may be, no longer owns the security), unless the defendant proves that the plaintiff knew the facts concerning the untruth or omission or that the defendant exercised reasonable care and did not know (or if he had exercised reasonable care would not have known) of the untruth or omission. . . ." The remainder of the section merely specifies the method of rescinding or measuring damages.

Sections 25401 and 25501 differ from common law negligent misrepresentation in that: (1) proof of reliance is not required, (2) although the fact misrepresented or omitted must be "material," no proof of causation is required, and (3) plaintiff need not plead defendant's negligence. (See Cal. Attorney's Damages Guide (Cont.Ed.Bar) ch. 5, § 5.14, pp. 173-174.) To avoid any implication that strict liability is involved, the Legislature provided that as a defense the defendant may: (1) prove that he exercised reasonable care and did not know of the untruth or omission, (2) show that even if he had exercised reasonable care, he would not have known of the untruth or omission, and (3) show that the plaintiff knew the facts concerning the untruth or omission. (Corp. Code, § 25501; and see 2 Ballantine & Sterling, Cal. Corporation Laws, § 463.03, pp. 932.40-932.41.)

For the same rationale discussed in relation to section 25500, the statute of limitations is the same as that for a violation of section 25400,

subdivision (d). (Corp. Code, § 25506.) While the Legislature has, therefore, shortened the statute of limitations from that available under common law negligent misrepresentation (i.e., three years from discovery under Code Civ. Proc., § 338), they have also greatly eased the requirements for a victim to successfully recover. (Corp. Code, § 25401.)

### 3. *Common Law Fraud*

Nowhere in the aforementioned statutory scheme is there any suggestion that the Legislature intended to abolish either type of common law fraud. On the contrary, by express provision in section 25510 the Legislature states its intent as follows: "Except as explicitly provided in this chapter, no civil liability in favor of any private party shall arise against any person by implication from or as a result of the violation of any provision of this law or any rule or order hereunder. *Nothing in this chapter shall limit any liability which may exist by virtue of any other statute or under common law if this law were not in effect.*" (Italics added.)

Section 25006 states: " 'Fraud,' 'deceit,' and 'defraud' are not limited to common law fraud or deceit." Sections 25510 and 25006 express a clear legislative intent for the Corporate Securities Law of 1968 to supplement common law causes of action, not to repudiate them. (See Olson, *supra,* at p. 98, note 133; 2 Ballantine & Sterling, Cal. Corporation Laws, §§ 463.02[2]-463.03, pp. 932.36-932.41.)

The above analysis of the Corporate Securities Law of 1968 clearly indicates a legislative intent to provide for actions and remedies for corporate securities victims far less burdensome than those available under common law. Recovery under the qualification-violation provisions, *supra,* is relatively simple and therefore justifies the shorter statute of limitations. (Actions under section 25507, subdivision (a), must be brought within two years of the violation or one year after discovery, whichever shall first expire.)

Recovery under the misrepresentation sections, being somewhat more difficult than under the qualification-violation sections, has been limited by a longer general statute of limitations for an action to be brought after the plaintiff discovers the misrepresentation. (Actions under section 25506 must be brought within four years or one year after discovery, whichever shall first expire.) The Legislature having expressed its intent not to abolish the common law actions and remedies did not disturb the

statute of limitation allowing these actions to be brought within three years after discovery of the facts upon which the cause of action is based. The Legislature has established a carefully drafted series of actions and remedies that supplement common law actions, remedies and limitations. We therefore conclude that appellant's first cause of action states sufficient facts to constitute common law fraud.[1]

■ Plaintiff's second cause of action, realleging the allegations in the first cause of action, states a cause of action under section 25401. Although paragraph 11 of the complaint alleges a violation of section 25110, any violation of that section is clearly barred by the statute of limitations. (Corp. Code, § 25507.) However, the allegations incorporated from the first cause of action state sufficient facts to allege an offer or a sale and misrepresentations under section 25401 with respect to these transactions.

The fact that the alleged misrepresentation was with respect to qualification by permit and such misrepresentation would have been a violation of section 25110 if brought within the statute of limitations thereto, does not preclude the instant action under section 25401.

Contrary to respondents' assertion, not every violation of section 25110 (or 25130) would be revived through section 25401. ■ Section 25401 only applies to an "untrue statement of material fact" or an omission to state a "material fact *in order to make the statements made,* in light of the circumstances under which they are ·made, *not misleading.*" (Italics added.) Section 25401 does not apply to simple nondisclosure. (2 Ballantine & Sterling, Cal. Corporation Laws, § 463.03, p. 932.40.)

In the instant case, the only relevance of the question of the legality of the offer or sale under the qualifications provisions would be in determining whether the representation made was a material fact upon which plaintiff could reasonably rely.

---

[1]Since plaintiff pleaded an *actual misrepresentation,* we need not consider whether, under the Corporate Securities Law of 1968, every sale of a security carries with it an implied representation that a permit (where required) has been secured. (See *Mary Pickford Co.* v. *Bayly Bros., Inc., supra,* 12 Cal.2d 501, 525; *Gormly* v. *Dickinson, supra,* 178 Cal.App.2d 92, 102.) If the Legislature's failure to re-enact the provision that stocks issued or sold without conforming to permit requirements are "void" has any impact on common law fraud actions, it would be with respect to implied misrepresentations. (Stats. 1949, ch. 384, § 1, p. 720.)

Plaintiff's second cause of action does not fail because of failure of delivery of the certificates. (See Corp. Code, §§ 25008, 25017.) If a section 25401 violation is found, plaintiff could tender a release of his equitable interest in the stock and rescind the sale under section 25501.

Plaintiff's third cause of action was a common count for money had and received. Since the third cause of action follows allegations setting out in detail the facts upon which plaintiff relies, it must be considered in connection with those facts. (*Orloff* v. *Metropolitan Trust Co.,* 17 Cal.2d 484, 489 [110 P.2d 396].) Under the facts appearing in the complaint, the common count is barred by the two-year statute of limitations. (Code Civ. Proc., § 339.)

■ Neither of the paragraphs in plaintiff's fourth cause of action state facts sufficient to state a cause of action. (Code Civ. Proc., § 425.10, subd. (a).) Plaintiff did not allege an "offer or sale" as required by section 25110 nor any other facts indicating why the 3,500 shares of STANDARD LOGIC, INC. stock were being transferred. Plaintiff's conclusionary statement that the stock was "not exempt" and therefore in violation of section 25110, is insufficient. There are no facts alleged which would indicate that the transaction was an "issuer" transaction or that the STANDARD LOGIC, INC. stock was not exempt.

Plaintiff's allegation of a written promise by defendant D. N. Robinson to pay the sum of $10,500 on or before August 31, 1974, and that no such sum was paid, the whole thereof being due, neither cures the defective allegation relating to the alleged section 25110 violation nor states a cause of action for breach of contract. (See 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 390 et seq.) Plaintiff failed to set out the contract *in haec verba,* incorporate an attached copy, or plead the written contract according to its legal effect. (*Id.,* at pp. 2052-2053.)

Since only plaintiff's first and second causes of action allege facts sufficient to state a cause of action, we need only review the sufficiency of the affidavits for summary judgment as they relate to those causes of action.

■ " 'Summary judgment is proper only if the affidavits in support of the moving party would be sufficient to sustain a judgment in his favor and his opponent does not by affidavit show such facts as may be deemed by the judge hearing the motion sufficient to present a triable

issue. The aim of the procedure is to discover, through the media of affidavits, whether the parties possess evidence requiring the weighing procedures of a trial. In examining the sufficiency of affidavits filed in connection with the motion, the affidavits of the moving party are strictly construed and those of his opponent liberally construed, and doubts as to the propriety of granting the motion should be resolved in favor of the party opposing the motion. Such summary procedure is drastic and should be used with caution so that it does not become a substitute for the open trial method of determining facts.' " (*Corwin* v. *Los Angeles Newspaper Service Bureau, Inc.,* 4 Cal.3d 842, 851-852 [94 Cal.Rptr. 785, 484 P.2d 953], quoting from *Stationers Corp.* v. *Dun & Bradstreet, Inc.,* 62 Cal.2d 412, 417 [42 Cal.Rptr. 449, 398 P.2d 785].)

"In determining whether the papers show that there is no triable issue as to any material fact the court shall consider all of the *admissible evidence* set forth in the papers and all inferences reasonably deducible from such evidence, except summary judgment shall not be granted by the court based on inferences reasonably deducible from such evidence, if contradicted by other inferences or evidence, which raise a triable issue as to any material fact." (Italics added.) (Code Civ. Proc., § 437c.)

"The remedy is designed to terminate an action promptly where the purported cause of action or defense is sham or otherwise wholly unfounded. But it is futile to seek the order where any basis for a cause of action or defense can be shown. In other words, the moving party should not confuse an opponent's *weak* case with *no case at all.* The [appellate] court, construing the moving party's affidavits strictly . . . and the counteraffidavits liberally . . . , will reverse the summary judgment if any kind of case is shown." (4 Witkin, Cal. Procedure (2d ed. 1971) Proceedings Without Trial, § 199, p. 2844.)

The declaration of D. N. Robinson, after being supplemented to add the required allegation that it was based on "personal knowledge," is totally insufficient to remove the factual issues raised under either the common law fraud or the section 25401 cause of action. For example, the declaration states that "To the best of my knowledge, neither Ronald Compton nor Norman Compton were ever formally elected to the positions of Vice President or any other office of G Comp, Inc."

The phrase "To the best of my knowledge" indicates something less than the "personal knowledge" required under Code of Civil Procedure section 437c, and implies that the declarant's statement is based on

something similar to information and belief. (See Code Civ. Proc., § 431.30.) Furthermore, none of the facts contained in the declaration show that the declarant was "competent to testify" as to whether the Comptons were ever elected officers of G COMP, INC.[2]

Again, stating "To the best of my knowledge," the declarant stated the legal conclusion that all shares of G COMP, INC. stock issued were issued pursuant to an exemption from the registration requirements under the Federal Securities Act of 1933. While this statement may be relevant to declarant's intent with respect to the alleged misrepresentation, it does not establish the exempt status of the G COMP, INC. stock since the statement is a legal opinion of a lay witness (Evid. Code, § 800 et seq.) and is not admissible evidence of which declarant had personal knowledge, nor is there any affirmative showing that the declarant was competent to testify thereto. (Code Civ. Proc., § 437c; and see *Schessler v. Keck*, 138 Cal.App.2d 663, 669 [292 P.2d 314]; 4 Witkin, Cal. Procedure (2d ed. 1971) Proceedings Without Trial, § 180 et seq.)

Declarant (Robinson) in attempting to show that no representation was made stated: "To the best of my knowledge and recollection, I at no time stated to Mr. Bowden that the shares of stock I had agreed to sell him were qualified and/or legal for issuance in the State of California." Again, we do not know whether, based upon personal knowledge, declarant would testify that no representation was made, or that he merely does not recollect whether one was made. At best this declaration presents a disputed issue of material fact.

Defendants' declarations are insufficient in that they do not set forth admissible evidence. After strictly construing defendants' affidavits, we conclude that there remain many unresolved issues of fact, and the order granting defendants' motion for summary judgment was an abuse of

---

[2]If defendant had made a "competent" averment that the Comptons were never principal executive officers of G COMP, INC., such statement would be relevant to the material fact of whether the Comptons were "principal executive officers" under Corporations Code section 25504.

Section 25504 provides that: "Every person who directly or indirectly controls a person liable under Section 25501 or 25503, every partner in a firm so liable, every principal executive officer or director of a corporation so liable, every person occupying a similar status or performing similar functions, every employee of a person so liable who materially aids in the act or transaction constituting the violation, and every broker-dealer or agent who materially aids in the act or transaction constituting the violation, are also liable jointly and severally with and to the same extent as such person, unless the other person who is so liable had no knowledge of or reasonable grounds to believe in the existence of the facts by reason of which the liability is alleged to exist."

discretion. (*Black* v. *Sullivan,* 48 Cal.App.3d 557, 567 [122 Cal.Rptr. 119]; *People* ex rel. *State Lands Commission* v. *Superior Court,* 36 Cal.App.3d 727, 736 [111 Cal.Rptr. 733].)

Plaintiff's affidavits fare no better than defendants. Many, if not most, of plaintiff's averments are obviously not within plaintiff's personal knowledge and constitute inadmissible hearsay, conclusion and opinion, and do not constitute the competent factual proof required by Code of Civil Procedure section 437c. (See *Southern Pacific Co.* v. *Fish,* 166 Cal.App.2d 353, 362 [333 P.2d 133].) The trial court, therefore, did not err in denying plaintiff's motion for summary judgment.

We have concluded that the complaint states a cause of action for common law fraud and for a violation of Corporations Code section 25401, and that there are triable issues which must be resolved with respect to these causes of action.

For the foregoing reasons the judgment is reversed and remanded for further proceedings consistent with the views herein expressed.

Kaufman, Acting P. J., and McDaniel, J., concurred.