[No. G025177. Fourth Dist., Div. Three. Oct. 18, 2001.]

PANYIOTIS KATELARIS et al., Plaintiffs and Appellants, v.
COUNTY OF ORANGE, Defendant and Respondent.

**COUNSEL**

Richard V. McMillan for Plaintiffs and Appellants.

Allen, Mullings & Allen, Thomas D. Mullings and Debra E. Allen for Defendant and Respondent.

**OPINION**

**BEDSWORTH, J.**—Panyiotis and Andriana Katelaris appeal from summary judgment in favor of the County of Orange, arguing declarations offered in support of the motion were inadmissible. We hold the declarations were properly received, so the judgment is affirmed.

The Katelarises own land along Santiago Canyon Road in an unincorporated area of Orange County.[1] They believe improvements to the county's roadside drainage system spewed water onto their property, causing damage. In July 1997, their attorney submitted a claim to the county, a statutory prerequisite to filing suit. (Gov. Code, § 945.4.)[2] By letter dated July 16, 1997, the county acknowledged receipt of the claim, and stated it would send notice of its response within 45 days. On September 11, 1997, somewhat past the 45-day mark, the county mailed a letter to counsel denying the claim. The letter also stated that any action on the claim had to be filed within six months of the date the letter was mailed, pursuant to section 945.6, subdivision (a)(1).

Suit was filed on April 3, 1998, beyond the six-month period, and the county moved for summary judgment on the ground the action was barred by the statute of limitations. To establish mailing of the notice of rejection, the county offered the declaration of Sunny Bittle, assistant claims manager in its risk management department. Bittle declared, "I caused to be prepared and mailed to plaintiffs' counsel a Notice of Rejection of plaintiffs' claim." Bittle added that she was familiar with the mailing policies and procedures of the department and knew that correspondence was deposited in the mail on the day it was dated.

The Katelarises objected to Bittle's declaration as lacking personal knowledge, since she did not say she prepared the notice or mailed it. Counsel also denied receiving the notice, arguing the case was subject to the longer

---

[1]The facts are drawn from the parties' respective statements of undisputed facts and the papers submitted on the motion for summary judgment.

[2]All further statutory references are to the Government Code, unless otherwise indicated.

two-year statute of limitations applicable when written notice of rejection is not given. (§ 945.6, subd. (a)(2).)

In response, the county offered a second declaration from Bittle, along with one from Matthew Winkler. Bittle addressed preparation of the notice, and Winkler the mailing of it. Bittle's second declaration stated: "I typed the letter into my computer" and printed out two copies, one on letterhead "which I mailed" to counsel at his office address.

Winkler is an office technician in the county's risk management department, responsible for processing outgoing mail. Winkler described his regular routine for mailing correspondence. Several times a day, he would make the rounds and pick up outgoing mail from employees' desks. Winkler would then type envelopes, enclose the letters, seal the envelopes, affix the required postage, and place the letters in a box provided by the United States Post Office in the lobby of his building. Winkler concluded his declaration by saying that "[t]o the best of my knowledge, on September 11, 1997, I followed the above described procedure . . . . The letter to [counsel] dated September 11, 1997 would have been mailed as described in this procedure."

The Katelarises filed no evidentiary objection to these supplemental declarations, but at argument on the motion contended the declarations failed to present admissible evidence that the notice was mailed.[3] The trial judge disagreed, granted the motion, and entered judgment dismissing the complaint.

■ The Katelarises argue there was no admissible evidence the notice of rejection was ever mailed. They assert Bittle's first declaration lacks personal knowledge, and her second declaration should be disregarded because it contradicts both her earlier declaration and Winkler's declaration. They assert Winkler's evidence was inadmissible for failure to demonstrate personal knowledge that the notice was mailed. They are mistaken. Bittle's second declaration, and Winkler's, were admissible.

Written notice of rejection of a claim may be either by personal delivery or mailing to the address of the claimant, or to an address designated in the claim. (Gov. Code, §§ 913, 915.4.) If by mail, the document is to be deposited in a United States Post Office or other enumerated mail-receiving facility, in a sealed envelope, properly addressed, with postage paid. "The . . . notice shall be deemed to have been presented and received at the time of the deposit." (Gov. Code, § 915.2.) Proof of mailing may be in the manner prescribed in Code of Civil Procedure, section 1013a (the statute that specifies the methods for proof of service by mail). (Gov. Code, § 919.2.)

---

[3]The Katelarises' brief states they objected to Bittle's second declaration, and Winkler's, on the ground of competency, but the transcript of the hearing reveals no such objection was ever made.

Bittle's first declaration is undeniably insufficient, since it states she "caused" the notice to be prepared and mailed. That conclusion does not establish personal knowledge, and the declaration was not admissible. But the remaining declarations were.

The second Bittle declaration reveals Bittle was indeed the individual who prepared the notice. The Katelarises claim Bittle changed her story—first claiming she caused the notice to be mailed and later that she mailed it—so a trial is required. We do not see it that way. Bittle's second declaration clarified the earlier one, supplying the personal knowledge previously lacking. There is nothing contradictory in changing "I caused to be mailed" to "I mailed."

The Katelarises next argue Bittle's second declaration contradicts Winkler's because each claims to have mailed the letter, but that conjures up a controversy where none exists. In fact, Bittle's second declaration changes her statement that she "caused" the letter to be mailed to a statement that she mailed it. Winkler's explains how letters are mailed in that office—which gives definition to Bittle's use of the term—and, in so doing, provides the evidence that amounts to legal proof of mailing—the details of how correspondence was picked up, processed, and deposited in the mail.

As to Winkler, the Katelarises argue he was not competent to testify about mailing because of his statement that to the best of his knowledge, he followed his regular procedure for collecting, processing, and depositing mail on September 11, 1997. They rely on *Bowden v. Robinson* (1977) 67 Cal.App.3d 705, 719-720 [136 Cal.Rptr. 871], but that case is distinguishable. There, the court rejected a declaration of a corporate officer that asserted "[t]o the best of my knowledge," certain individuals were never elected as corporate officers, and "[t]o the best of my knowledge" he never said shares could legally be issued in California. The *Bowden* declaration is obviously suspect, since the question of what corporate officers were elected would be easily verifiable from corporate records. And, as the court observed, it was unclear with regard to the statement about the issuance of shares whether the declarant meant that he did not recall making the representation, or was affirmatively saying he never uttered it.

So the court held the declaration in question was inadequate to show who the company's corporate officers were. It did *not*, however, hold that the phrase somehow magically nullifies whatever statement follows it. It merely held, correctly, that the phrase "to the best of my knowledge" introduces an element of uncertainty which, under certain circumstances, can be lethal. Indeed, the *Bowden* court invalidated another statement in the declaration— which also used the phrase "to the best of my knowledge"—*not* on the basis

that it was not based on personal knowledge, but on the basis it was a lay opinion on a matter of law. Obviously, if appellant's reading of the first part of *Bowden* were correct, the lay opinion analysis would not have been necessary.

The trial court was able to evaluate the phrase "to the best of my knowledge" as used in this context and decide whether it injected uncertainty into the declaration. It found no such uncertainty, and we find no reason to quarrel with its judgment. Winkler's statement seems clearly to state he followed the normal business practice for collecting and processing mail on the date of the notice. That was sufficient. Proof of service by mail does not require personal knowledge. Rather, it is enough for an individual to testify to the business practice for collecting and processing outgoing mail. (Code Civ. Proc., § 1013a.) That is what was done here. Winkler's declaration was properly admitted and considered by the trial judge.

The declarations offered in support of the motion for summary judgment were properly admitted, and they support the finding that notice of rejection was mailed on September 11, 1997. The Katelarises' action is barred by the statute of limitations.[4]

The decision appealed from is affirmed. Respondent is entitled to costs on appeal.

Sills, P. J., and Rylaarsdam, J., concurred.

A petition for a rehearing was denied November 15, 2001, and the opinion was modified to read as printed above.

---

[4] In their reply brief, the Katelarises raise two new arguments not set out in their opening brief. First, they contend that the county's failure to send notice of rejection within 45 days after the claim was received, as required by section 912.4, means the statute of limitations is the two-year period applicable when no written notice of rejection is given. (§ 945.6, subd. (b).) This is plainly wrong. The two-year statute only applies when *no written notice is sent.* Written notice given at any time triggers the six-month limitations period, even if it is beyond the 45-day period in which a public entity is supposed to act upon claims. (*Glorietta Foods, Inc. v. City of San Jose* (1983) 147 Cal.App.3d 835 [195 Cal.Rptr. 355].) Second, the Katelarises argue that apart from lacking personal knowledge, Winkler's declaration fails to satisfy Code of Civil Procedure section 1013a.

We decline to consider either argument under the rule that an issue is waived when not raised in appellant's opening brief. (*Tisher v. California Horse Racing Bd.* (1991) 231 Cal.App.3d 349, 361 [282 Cal.Rptr. 330].)