[No. A108117. First Dist., Div. Five. Oct. 13, 2005.]

PHAY HIM et al., Plaintiffs and Appellants, v.
CITY AND COUNTY OF SAN FRANCISCO, Defendant and Respondent.

438

COUNSEL

C. Granville-Mathews for Plaintiffs and Appellants.

Dennis J. Herrera, City Attorney, Joanne Hoeper, Chief Trial Deputy, and Andrew M. Gschwind, Deputy City Attorney, for Defendant and Respondent.

OPINION

SIMONS, J.—

### BACKGROUND

Cheat Phay committed suicide in March 2001, while an inpatient of the Acute Psychiatry Service at San Francisco General Hospital. On August 30, 2001, defendant City and County of San Francisco (City) received government tort claims on behalf of plaintiffs Phay Him and Van Nun, the parents of the decedent. On November 19, 2001, representatives of the City purportedly mailed formal notices rejecting the claims to plaintiffs' counsel. The notices warned that any action on the claims had to be filed within six months of the date the notices were mailed, pursuant to Government Code section 945.6. Plaintiffs contend they never received the claim rejection notices.

Plaintiffs filed their negligence action on March 3, 2003, beyond the six-month period, and the City moved for summary judgment asserting, among other things, that the action was barred by the late filing. To establish mailing, the City submitted the claim rejection notices, with attached proofs of service signed by a City claims adjuster. The claims adjuster also submitted a declaration averring she had sent the claim rejection notices on November 19, 2001. Plaintiffs filed opposition papers and objections to the

declaration of the adjuster. Following oral argument, the trial court granted the motion based on the court's finding that plaintiffs had failed to file their complaint within the statutory period. This appeal followed.

DISCUSSION

Does the City's evidence in support of the summary judgment motion establish, as a matter of law, that it mailed notice to plaintiffs denying the tort claims on November 19, 2001? Plaintiffs claim the proofs of service are deficient because they do not state the specific location where they were deposited in the United States mail. In addition, plaintiffs claim they presented sufficient evidence they never *received* the disputed proofs of service to raise a triable issue of fact as to whether the notices were *mailed.*

I. *Standard of Review*

■ We review summary judgment rulings de novo to determine whether the moving party has met its burden of persuasion that there is no triable issue as to any material fact and that the moving party is entitled to judgment as a matter of law. When the defendant is the moving party, the defendant must show either (1) that the plaintiff cannot establish one or more elements of a cause of action, or (2) that there is a complete defense. If that burden of production is met, the burden shifts to the plaintiff to show the existence of a triable issue of fact with respect to that cause of action or defense. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850 [107 Cal.Rptr.2d 841, 24 P.3d 493]; Code Civ. Proc., § 437c, subds. (c) & (o)(2).) "All doubts as to whether there are any triable issues of fact are to be resolved in favor of the party opposing summary judgment. [Citation.]" (*Ingham v. Luxor Cab Co.* (2001) 93 Cal.App.4th 1045, 1049 [113 Cal.Rptr.2d 587].)

II. *Written Notice of Rejection of Government Claims*

■ Government Code section 945.6, subdivision (a)(1) prescribes that an action against a public entity must be brought within six months of written notice of a claim denial. This written notice may be given either by personal delivery, or by mailing to the address of the claimant, or to an address designated in the claim. (Gov. Code, §§ 913, 915.4; *Katelaris v. County of Orange* (2001) 92 Cal.App.4th 1211, 1214 [112 Cal.Rptr.2d 556].)[1] If the

---

[1] Government Code section 913 provides:

"(a) Written notice of the action taken under Section 912.6, 912.7, or 912.8 or the inaction which is deemed rejection under Section 912.4 shall be given in the manner prescribed by Section 915.4. The notice may be in substantially the following form:

" 'Notice is hereby given that the claim which you presented to the (insert title of board or officer) on (indicate date) was (indicate whether rejected, allowed, allowed in the amount of

public entity gives written notice of rejection in the manner specified in section 913, the statute of limitations expires six months from the day the notice of rejection is personally delivered or deposited in the mail. (*Dowell v. County of Contra Costa* (1985) 173 Cal.App.3d 896, 900 [219 Cal.Rptr. 341].) If notice of rejection is not given in compliance with section 913, the statute of limitations runs two years from accrual of the cause of action. (§ 945.6; *Dowell*, at p. 900.)

### A. *Code of Civil Procedure Section 1013a*

■ Under Government Code section 915.2,[2] if any notice under chapter 2 governing "Presentation and Consideration of Claims" (Gov. Code, § 910

---

$_____ and rejected as to the balance, rejected by operation of law, or other appropriate language, whichever is applicable) on (indicate date of action or rejection by operation of law).'

"(b) If the claim is rejected in whole or in part, the notice required by subdivision (a) shall include a warning in substantially the following form:

#### " 'WARNING

" 'Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. See Government Code Section 945.6.

" 'You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.' "

Government Code section 915.4, subdivision (a) provides:

"The notices provided for in Sections 910.8, 911.8, and 913 shall be given by either of the following methods:

"(1) Personally delivering the notice to the person presenting the claim or making the application.

"(2) Mailing the notice to the address, if any, stated in the claim or application as the address to which the person presenting the claim or making the application desires notices to be sent or, if no such address is stated in the claim or application, by mailing the notice to the address, if any, of the claimant as stated in the claim or application."

Government Code section 945.6, subdivision (a) provides:

"Except as provided in Sections 946.4 and 946.6 and subject to subdivision (b), any suit brought against a public entity on a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division must be commenced:

"(1) If written notice is given in accordance with Section 913, not later than six months after the date such notice is personally delivered or deposited in the mail.

"(2) If written notice is not given in accordance with Section 913, within two years from the accrual of the cause of action. . . ."

[2] Government Code section 915.2 provides: "If a claim, amendment to a claim, or application to a public entity for leave to present a late claim is presented or sent by mail under this chapter, or if any notice under this chapter is given by mail, the claim, amendment, application, or notice shall be mailed in the manner prescribed in this section. The claim, amendment, application or notice shall be deposited in the United States post office, a mailbox, sub-post office, substation, mail chute, or other similar facility regularly maintained by the government of the United States, in a sealed envelope, properly addressed, with postage paid.

et seq.) is given by mail, the notice must be "deposited in the United States post office [or] a mailbox . . . or other similar facility . . . , in a sealed envelope, properly addressed, with postage paid. The . . . notice shall be deemed to have been presented and received at the time of the deposit. . . . Proof of mailing may be made in the manner prescribed by Section 1013a of the Code of Civil Procedure." (Gov. Code, § 915.2; see *Katelaris v. County of Orange, supra,* 92 Cal.App.4th at p. 1214.) Thus, the mailed notices of rejection of claim in this case would trigger application of the six-month statute of limitations if the notices comply with the requirements of Government Code section 913 and they were mailed in the manner prescribed by section 915.2.

After setting out the requirements for mailing notice, Government Code section 915.2 states that "[p]roof of mailing *may be made* in the manner prescribed by Section 1013a of the Code of Civil Procedure." (Italics added.) Code of Civil Procedure section 1013a, subdivision (1) provides that "[p]roof of service by mail may be made by one of the following methods: [¶] (1) An affidavit setting forth the exact title of the document served and filed in the cause, showing the name and residence or business address of the person making the service, showing that he or she is a resident of or employed in the county where the mailing occurs, that he or she is over the age of 18 years and not a party to the cause, and *showing the* date and *place of deposit in the mail,* the name and address of the person served as shown on the envelope, and also showing that the envelope was sealed and deposited in the mail with the postage thereon fully prepaid." (Italics added.)

█ Plaintiffs claim the proofs of service relied upon by the City are deficient because they do not state the precise location where they were deposited in the United States mail.[3] We disagree for two reasons. First, Government Code section 915.2 does not mandate strict compliance with the proof of service requirements of Code of Civil Procedure section 1013a. Instead, it provides that proof *may be made* in compliance with this statute. (*Call v. Los Angeles County Gen. Hosp.* (1978) 77 Cal.App.3d 911, 917 [143 Cal. Rptr. 845].) Second, even where proof of service must conform to the requisites of Code of Civil Procedure section 1013a, only substantial compliance is required. Courts have consistently concluded that listing the city and

The claim, amendment, application, or notice *shall be deemed to have been presented and received at the time of the deposit.* Any period of notice and any duty to respond after receipt of service of a claim, amendment, application, or notice is extended five days upon service by mail, if the place of address is within the State of California, 10 days if the place of address is within the United States, and 20 days if the place of address is outside the United States. Proof of mailing may be made in the manner prescribed by Section 1013a of the Code of Civil Procedure." (Italics added.)

[3] Procedurally, the City contends that plaintiffs raised no challenge to the sufficiency of the proofs of service below. We conclude the record reflects otherwise, and therefore find that plaintiffs may challenge the sufficiency of the proofs of service on appeal.

state where the documents were placed in the United States mail is sufficient to satisfy the requirements of Code of Civil Procedure section 1013a. (E.g., *Forslund v. Forslund* (1964) 225 Cal.App.2d 476, 486 [37 Cal.Rptr. 489]; *Fritz v. Foote* (1958) 162 Cal.App.2d 622, 623–624 [328 P.2d 522]; accord, *Douglas v. Janis* (1974) 43 Cal.App.3d 931, 936–937 [118 Cal.Rptr. 280]; see also *Glasser v. Glasser* (1998) 64 Cal.App.4th 1004, 1011 [75 Cal.Rptr.2d 621] ["proof of service substantially complied with . . . Code of Civil Procedure section 1013a, although [the proof of service] did not expressly state on its face that the envelope was sealed and placed for collection and mailing following ordinary business practices"].)[4] In addition, as recently as 2003, the Judicial Council of California approved a form for proofs of service by mail that indicates the "place of mailing" portion of the form is satisfied by the insertion of "(city and state)." (2 West's Cal. Judicial Council Forms (July 2005 ed.) Proof of Service by Mail, Form FL-335.)

We conclude that the proofs of service substantially comply with Code of Civil Procedure section 1013a; they included express representations by the claims adjuster that on a specific day (November 19, 2001) she sealed each claim rejection notice in a postage-paid envelope addressed to the attorney for plaintiffs, and deposited each in the United States mail. Further, the proofs of service specified that the claims adjuster's business address was located in San Francisco and she had executed the proofs of service on that same day (November 19, 2001) in San Francisco. These representations raise a reasonable inference the claims adjuster deposited the envelopes containing the claim rejection notices in the United States mail within the boundaries of San Francisco.[5]

## B. *Evidence the Notices Were Not Received*

Plaintiffs further argue that they presented sufficient evidence of nonreceipt to create a triable issue of fact that the claim rejection notices were never sent. Plaintiffs' evidence included a declaration by the secretary at the law firm representing plaintiffs that stated the secretary was "responsible for opening and directing mail received," and averred that "[a]t no time did [she] receive or ever see [the claim rejection notices] dated November 19, 2001." Plaintiffs also presented circumstantial evidence of nonreceipt by attaching correspondence sent by plaintiffs' trial counsel (Harold Sullivan) to potential

---

[4] In addition, the *Glasser* decision exemplifies that the substantial compliance standard has been applied even in instances where the intended recipient of service denies having received the items that were served. (*Glasser v. Glasser, supra,* 64 Cal.App.4th at pp. 1008–1009.)

[5] Having determined that the proofs of service are sufficient evidence to establish the claim rejection notices were mailed by the City on November 19, 2001, we need not consider plaintiffs' challenges to the claims adjuster's separate declaration in support of the summary judgment motion.

referral counsel (Howard Kapp) in May 2002, informing Mr. Kapp that as of that time, Mr. Sullivan's office had not received any rejection or denial letters for plaintiff's claims.

█ As Government Code section 915.2 clarifies, our focus is on the date of mailing, not the receipt of the notice. Even so, we disagree with the City's contention that evidence of nonreceipt of the notice is irrelevant. Evidence is relevant if it has "any tendency in reason to prove or disprove any disputed fact." (Evid. Code, § 210.) █ The law presumes that items mailed are received (Evid. Code, § 641) because the presumed fact "is so likely to be true that the law requires it to be assumed in the absence of contrary evidence. [Citation.]" (*Craig v. Brown & Root, Inc.* (2000) 84 Cal.App.4th 416, 421 [100 Cal.Rptr.2d 818].) If, normally, an item properly mailed is received, then evidence of nonreceipt is logically probative of nonmailing and, absent contrary statutory authority, sufficient to raise a triable issue of fact and defeat summary judgment.

█ The legislative scheme relating to the tort claims procedure is instructive. The statute of limitations period is triggered "from the date the notice is deposited in the mail by the public entity, and not the date that it is received by the claimant or counsel." (*Edgington v. County of San Diego* (1981) 118 Cal.App.3d 39, 47 [173 Cal.Rptr. 225].) In fact, a claimant is required to comply with the six-month statute of limitations associated with government tort claims upon proof that the notice of rejection was served even if it was not actually received by the claimant. Thus, the Legislature has placed upon the claimant the risk that a properly mailed notice of claim rejection is not delivered due to an error by the postal authorities. And, the Legislature has provided a corresponding opportunity for the claimant to protect itself from this risk. Following presentation of a claim for personal injury or death (Gov. Code, § 911.2), the public entity must act within 45 days (Gov. Code, § 912.4, subd. (a)). If the entity fails to accept or reject the claim within that period, the claim is deemed to have been rejected. (§ 912.4, subd. (c).) If the claim is rejected by the public entity expressly or by operation of law, notice must be sent to the claimant. (Gov. Code, § 913.) Thus, following a reasonable time after the expiration of the 45 days, a claimant should be aware that the claim has been denied and the statutory notice of that denial has not been provided. The claimant then has the opportunity to inquire about the denial and determine, thereby, the limitations period. (See 1 Van Alstyne et al., Cal. Government Tort Liability Practice (Cont.Ed.Bar 4th ed. 2004) Bringing the Action, § 8.15, p. 388; cf. *Dowell v. County of Contra Costa, supra,* 173 Cal.App.3d at p. 901.) The claimant should not be permitted to forgo that opportunity and, then, rely on the fact no notice was delivered to extend the limitations period.

■ We conclude plaintiff's evidence of nonreceipt of the claim rejection notices is legally insufficient to raise a triable issue of fact negating the six-month statute of limitations defense. In view of the City's evidence of proof of mailing, the trial court was correct to conclude that plaintiffs' lawsuit was barred.

### Disposition

The judgment is affirmed. Respondent shall be awarded its costs on appeal.

Jones, P. J., and Gemello, J., concurred.