Filed 12/12/13  Rathee v. Marek CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| NEETA RATHEE, | B244400 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC 430741) |
| v. | |
| LEE MAREK, | **ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING** |
| Defendant and Appellant. | |

THE COURT:*

The opinion filed November 22, 2013, in the above entitled matter is modified in the following manner:

1.  The following is added at the end of page 7 after the last sentence on that page and beginning a new paragraph:

We also reject Marek's argument that his promise to pay simply restarted the two-year statute of limitation when he made the promise.  His argument ignores the evidence that he promised to pay the money in 10 years.  While Marek correctly points out that jurors could have disbelieved the evidence he promised to repay the money in 10 years, for purposes of a judgment notwithstanding the verdict, Marek must show that there is no

substantial evidence or reasonable inferences in support of the verdict. (*Hansen v. Sunnyside Products, Inc.* (1997) 55 Cal.App.4th 1497, 1510.)

*Elke v. Rice* (1955) 45 Cal.2d 66 does not compel a different result. In that case, our high court considered the construction of a prior version of Code of Civil Procedure section 360. The court explained that "[t]he acknowledgement of a debt already barred by the statute gives rise to a new contract and a new cause of action dating from the acknowledgement. . . . The acknowledgment of a debt before the statute has run, however, does not create a new obligation as of the time of the acknowledgment; it merely continues the original obligation through a new statutory period." (*Id.* at p. 73, citations omitted.) Here, the evidence supports either a new contract or a continuing obligation as Marek testified that he received the money in 2000 and Singh testified that it was given to Marek in 2004. In short, Marek fails to show that no evidence supported the judgment.

There is no change in judgment.

Appellant's petition for rehearing is denied.

_____

*RUBIN, Acting P. J.            FLIER, J.            GRIMES, J.

2

Filed 11/22/13 (unmodified version)

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| NEETA RATHEE,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>LEE MAREK,<br><br>    Defendant and Appellant. | B244400<br><br>(Los Angeles County<br>Super. Ct. No. BC 430741) |

APPEAL from a judgment and order of the Superior Court of Los Angeles County, Michelle R. Rosenblatt, Judge. Judgment affirmed; order reversed.

Law Offices of Edward M. Bialack and Edward M. Bialack for Plaintiff and Appellant.

Law Office of Edward S. Orchon and Edward S. Orchon for Defendant and Appellant.

\* \* \* \* \* \*

Defendant Lee Marek admits that he owes plaintiff Neeta Rathee $167,000. Nevertheless he challenges the judgment awarding Rathee that amount, arguing that the statute of limitations had expired before Rathee filed her lawsuit. We conclude Marek failed to show that he was entitled to judgment as a matter of law, and therefore affirm the judgment in favor of Rathee.

Rathee cross-appeals, challenging the amount of the prejudgment interest awarded by the trial court. We conclude that Rathee was entitled to prejudgment interest at the rate of 10 percent from the date she filed her complaint until the date of judgment.

## FACTS

Neeta Rathee and Vikram Singh married in 1989, separated in 2004, and concluded their dissolution proceedings in 2010. While Rathee and Singh were married, Singh, a physician, gave community funds to Lee Marek to invest in surgical centers. The funds were given either in 2000 (according to Marek) or in 2004 (according to Singh). The funds Marek owed the community were awarded to Rathee as her sole and separate property at the conclusion of the dissolution proceeding in approximately July 2010.

Marek testified at trial and acknowledged the debt. According to Marek, Singh gave him $467,000, and Marek returned $300,000 leaving a balance of $167,000. Marek admitted he converted the $167,000 to his personal use, and Marek testified that he spent the Rathee/Singh community funds on his rent and car payments instead of investing the money in surgical centers. Marek understood he was obligated to return the money.

In addition to his trial testimony, Marek previously admitted converting the funds to his personal use. On July 20, 2004, Marek wrote Singh a letter stating: "The funds totaling $167,000 that you have sent to me for the investments in the various surgery centers have been used by me for my personal use as per our agreement. [¶] I presently do not have the funds to pay back to you as you are requesting. Instead, I suggest that I pay to you the funds amortized over ten years at 7% per annum interest. [¶] Since I am

2

presently short of money I would appreciate it if I could pay you back the loan starting Jan. 1, 2005."

Singh confirmed that he gave Marek community money to invest in surgical centers. Singh reminded Marek "on and off" about the loan and Marek sent a letter promising to repay it. Marek also orally promised to repay it.

Rathee testified that prior to the dissolution proceedings filed in August 2004, she knew Singh gave Marek money to invest in surgical centers. During the divorce proceedings, she learned Marek owed the community $167,000 when Singh listed Marek's debt on his schedule of assets and liabilities. According to Rathee, Marek testified during the divorce proceedings about the debt and testified that it was payable in 10 years. Although the date of the testimony is not clear from the record, the parties appear to agree it was sometime in 2005.

### PROCEDURE

On January 28, 2010, Rathee sued Marek alleging numerous causes of action. Jurors were asked only about the breach of contract and money had and received causes of action. In a special verdict jurors found all of the following: Singh and Marek entered into a written contract whereby Singh loaned Marek $167,000. Marek did not pay the loan and Rathee was harmed. Marek used community funds for purposes other than to benefit Rathee, and Rathee was not aware of such use prior to January 28, 2008.

Marek moved for a judgment notwithstanding the verdict on the ground that the evidence was insufficient to support the jury finding that a written contract was entered into and that the cause of action for money had and received was barred by the applicable statute of limitations. The court entered judgment notwithstanding the verdict on the cause of action for breach of written contract because there was no written acceptance by Singh.[1] The court denied the motion as to the cause of action for money had and received.

---

[1] Rathee does not challenge that finding on appeal.

3

Rathee moved for an award of prejudgment interest. The court awarded prejudgment interest at 7 percent commencing on January 5, 2005. The court rejected Rathee's argument that prejudgment interest should be awarded at the rate of 10 percent per annum.

## DISCUSSION

### 1. Marek's Appeal: Denial of Judgment Notwithstanding the Verdict

Marek argues the trial court should have granted his motion for judgment notwithstanding the verdict on Rathee's cause of action for money had and received.

A motion for a judgment notwithstanding the verdict may be granted only in limited circumstances. "[G]iven the constitutional right to jury trial and a policy of judicial economy against willy-nilly disregarding juries' hard work (even, in the case of a motion for nonsuit, the work of the jury in listening to the case up to that point), the basic rules regarding these motions [for judgment notwithstanding the verdict] are predictably strict. Conflicts in the evidence are resolved *against* the moving defendant and in favor of the plaintiff; all reasonable inferences to be drawn from the evidence are drawn against the moving defendant and in favor of the plaintiff. [Citations.]" (*Fountain Valley Chateau Blanc Homeowner's Assn. v. Department of Veterans Affairs* (1998) 67 Cal.App.4th 743, 750.)

"'A cause of action is stated for money had and received if the defendant is indebted to the plaintiff in a certain sum "for money had and received by the defendant for the use of the plaintiff."'" (*Gutierrez v. Girardi* (2011) 194 Cal.App.4th 925, 937.) The cause of action "'lies whenever one person has received money which belongs to another, and which in equity and good conscience should be paid over to the latter.'" (*Ibid.*) A common count for money had and received is an alternative, common law means of pleading an unjust enrichment or quasi-contract cause of action and therefore the applicable statute of limitations depends on the underlying theory on which recovery is sought. (*Federal Deposit Ins. Corp. v. Dintino* (2008) 167 Cal.App.4th 333, 348.) Money had and received based on an obligation not founded on a writing is governed by

4

a two-year statute of limitations.  (*Bowden v. Robinson* (1977) 67 Cal.App.3d 705, 718; Code Civ. Proc., § 339.)

If Marek's only conduct had been the receipt of money from the community, the two-year statute of limitations would have expired.  Even assuming that the statute of limitations did not begin to run until Rathee learned Marek converted the funds to his own use, which Rathee learned in 2005 when Marek testified in the dissolution proceeding, Rathee's lawsuit filed in 2010 was not timely.

But in addition to Marek's receipt of $167,000 in community funds, Marek also promised to repay the funds.  Specifically on July 20, 2004, Marek wrote:  "The funds totaling $167,000 that you have sent to me for the investments in the various surgery centers have been used by me for my personal use as per our agreement.  [¶]  I presently do not have the funds to pay back to you as you are requesting.  Instead, I suggest that I pay to you the funds amortized over ten years at 7% per annum interest.  [¶]  Since I am presently short of money I would appreciate it if I could pay you back the loan starting Jan. 1, 2005."  Marek testified that he wrote this letter, and the fact that he wrote it was undisputed.  Marek also testified that he understood that he had to pay back the money. Prior to this trial, in the divorce proceedings Marek testified, and he "acknowledged the debt, and he said that it was due and payable in ten years."

Marek's promise to pay the loan extended the statute of limitations.  As the Restatement explains:  "(1) A promise to pay all or part of an antecedent contractual or quasi-contractual indebtedness owed by the promissor is binding if the indebtedness is still enforceable or would be except for the effect of a statute of limitations.  [¶]  (2) The following facts operate as such a promise unless other facts indicate a different intention: [¶]  (a) A voluntary acknowledgment to the obligee, admitting the present existence of the antecedent indebtedness . . . ."  (Rest.2d Contracts, § 82, p. 209.)  California law codified this principle in Code of Civil Procedure section 360, which provides that a written promise signed by the party to be charged creates a continuing obligation.**2**

---

**2**     Code of Civil Procedure section 360 provides:  "No acknowledgment or promise is sufficient evidence of a new or continuing contract, by which to take the case out of the operation of this title, unless the same is contained

Marek's writing -- which was undisputed -- is sufficient to constitute a written acknowledgment. Although Marek implies that Rathee's testimony that the loan was payable in 10 years was not credible, he presented no contrary evidence and failed to provide the transcript of his testimony during the divorce proceedings. Marek therefore fails to show he was entitled to judgment as a matter of law because the statute of limitations expired.[3]

## 2. *Rathee's Cross-appeal: Amount of Prejudgment Interest*

The court awarded Rathee prejudgment interest at the rate of 7 percent per annum commencing on January 1, 2005. In her cross-appeal, Rathee challenges the trial court's denial of her request for prejudgment interest at the rate of 10 percent per annum. She argues that she was entitled to interest at the greater rate because the court should have relied on the legal rate of interest not the rate specified in Marek's July 20, 2004 letter. Civil Code section 3289 provides: "(a) Any legal rate of interest stipulated by a contract

---

in some writing, signed by the party to be charged thereby, provided that any payment on account of principal or interest due on a promissory note made by the party to be charged shall be deemed a sufficient acknowledgment or promise of a continuing contract to stop, from time to time as any such payment is made, the running of the time within which an action may be commenced upon the principal sum or upon any installment of principal or interest due on such note, and to start the running of a new period of time, but no such payment of itself shall revive a cause of action once barred."

[3] Rathee argues the statute of limitations was tolled until she discovered the claim for money had and received and that the statute of limitations was tolled during the pendency of the family law proceedings governing her dissolution and division of community property. Her arguments are not persuasive. Even assuming the doctrine of delayed discovery is applicable to a cause of action for money had and received, Rathee testified that she was aware that Marek held community funds in August 2004. Rathee also testified that Marek testified about the debt during the divorce proceedings and, at that time, testified that he converted the money to a personal loan. Therefore Rathee had reason to suspect an injury when Marek testified he used her community funds for his personal use. (*Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 803 ["[U]nder the delayed discovery rule, a cause of action accrues and the statute of limitations begins to run when the plaintiff has reason to suspect an injury and some wrongful cause, unless the plaintiff pleads and proves that a reasonable investigation at that time would not have revealed a factual basis for that particular cause of action."].)

Nor is there merit to Rathee's argument that her claim for money had and received was tolled during the family law proceedings. Although a family law court may assume jurisdiction over a third party with an interest in community property (*Glade v. Glade* (1995) 38 Cal.App.4th 1441, 1451), the family law court did not assume jurisdiction over Marek. Because the family law court did not assume jurisdiction over Marek, there is no merit to Rathee's argument that the family law court's assumption of jurisdiction prevented another court from doing so. Nor is this a case like *Burkle v. Burkle* (2006) 144 Cal.App.4th 387, 394 in which the wife filed a civil action to obtain money ordered in a dissolution proceeding by a party to the dissolution proceeding. As noted, Marek was not a party in the dissolution proceeding and a claim against him was not duplicative of the prior dissolution lawsuit. Rathee did not seek to enforce the same rights in her lawsuit against Marek as in the family law dissolution proceedings, which was concerned about dividing the community property not adjudicating the amount of Marek's debt. (Cf. *Elkins v. Derby* (1974) 12 Cal.3d 410, 412-413 [statute of limitations tolled in personal injury claim when worker sought workers compensation benefits for same injury against same defendant within limitations period].)

6

remains chargeable after a breach thereof, as before, until the contract is superseded by a verdict or other new obligation. [¶] (b) If a contract entered into after January 1, 1986, does not stipulate a legal rate of interest, the obligation shall bear interest at a rate of 10 percent per annum after a breach."

Here, the trial court found no written contract existed and therefore erred in applying the 7 percent rate contained in Marek's 2004 promising to repay the funds. As Rathee argues, the court should have instead applied the 10 percent rate in Civil Code section 3289. Marek does not argue otherwise.

The court also erred in calculating interest from 2005. By its terms, Civil Code section 3289 applies "after a breach."[4] Here the breach occurred when Marek failed to pay the loan after Rathee made demand by filing the complaint. Based on this breach, Rathee is entitled to prejudgment interest at the rate of 10 percent from the date of the filing of the complaint to the date of the judgment.

## DISPOSITION

The judgment is affirmed. The postjudgment order awarding Rathee prejudgment interest is reversed. The case is remanded to the trial court for the court to recalculate the amount of prejudgment interest from the date of Rathee's complaint to the date of judgment. Each party shall bear his or her own costs.

---

[4] Rathee argued that interest follows "both a breach and a liquidated claim."

FLIER, J.

WE CONCUR:

RUBIN, Acting P. J.

GRIMES, J.

8