Filed 3/3/15  In re Harrell CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re MARK ALLEN HARRELL<br><br>on<br><br>Habeas Corpus. | D065807<br><br>(San Diego County<br> Super. Ct. No. HSC11303) |

APPEAL from an order of the Superior Court of San Diego County, Stephanie Sontag, Judge.  Reversed and remanded with directions.

Kamala D. Harris, Attorney General, Jennifer A. Neill, Assistant Attorney General, Julie A. Malone and Jennifer Lynn Heinisch, Deputy Attorneys General, for Appellant Daniel Paramo, as Warden of Richard J. Donovan Correctional Facility.

Alan S. Yockelson, under appointment by the Court of Appeal, for Respondent Mark Allen Harrell.

Daniel Paramo, as Warden of Richard J. Donovan Correctional Facility (Warden), appeals from an order granting the petition for a writ of habeas corpus filed by respondent and inmate Mark Allen Harrell, vacating the disciplinary finding of the California Department

of Corrections and Rehabilitation (Department) and authorizing Department to rehear the matter of Harrell's rule violation allowing Harrell's proffered witness to testify at the hearing. Warden contends Harrell's request for habeas relief is barred for failure to exhaust administrative remedies, the habeas petition was not timely filed, and the petition should have been disregarded as successive. Warden further contends principles of due process did not provide Harrell an absolute right to call witnesses to his prison disciplinary hearing. Finally, Warden contends any error resulting from the limitations placed on Harrell's proffered witness's testimony was harmless. We agree that Harrell's petition, his second in the superior court, is procedurally barred as repetitious and piecemeal. Accordingly, we reverse the superior court's order and remand the matter to the court with directions to issue a new order denying Harrell's second petition for writ of habeas corpus.

## FACTUAL AND PROCEDURAL BACKGROUND

In March 2010, a correctional officer at the Richard J. Donovan Correctional Facility observed Harrell and another inmate, Jeffrey Newland, "striking each other with clenched fist to the upper torso and facial area" and prepared a rules violation report.[1] Harrell appeared before a senior hearing officer for a disciplinary hearing, during which

---

[1] Inmate discipline is covered in title 15, division 3, chapter 1, subchapter 4, article 5 of the California Code of Regulations (Regulations; section references are to the Regulations unless otherwise specified). When prisoner misconduct is believed to be a violation of law or "is not minor in nature," a rules violation report on California Department of Corrections form 115 must be completed. (§ 3312, subd. (a)(3).) Each rules violation report is then reviewed and classified as either administrative or serious under specified criteria. (§ 3313, subd. (a).)

he pleaded not guilty and claimed he acted in self-defense. Harrell also requested Newland's presence to testify at the hearing. The hearing officer denied the request, citing section 3315, subdivision (e).[2] The hearing officer found Harrell guilty of fighting by a preponderance of the evidence based on the rules violation report and medical report forms, and assessed a 90-day worktime credit loss. On April 6, 2010, Harrell received a copy of the rules violation report.

In June 2011, Harrell filed an inmate appeal challenging the hearing officer's decision. He asserted he was denied the opportunity to present Newland as a witness, and the hearing officer did not specify which subsection of section 3315, subdivision (e) he relied upon to deny Harrell's request. Harrell asked that his rules violation report be reissued and reheard and Newland allowed to testify and/or be interviewed.

On June 13, 2011, the appeals coordinator rejected and returned Harrell's appeal under section 3084.6, subdivision (b)(7) as missing necessary supporting documents under section 3084.3.[3] The appeals coordinator advised that "[Department] Form 22

---

[2]     Section 3315 addresses serious rule violations. Subdivision (e) of that section provides in part: "An inmate may request that friendly and adverse witnesses attend the hearing. [¶] (1) Requested witnesses shall be called unless the official conducting the hearing denies the request for one of the following reasons: [¶] (A) The appearance would endanger the witness. [¶] (B) The official determines that the witness has no relevant or additional information. [¶] (C) The witness is unavailable. [¶] (2) If an inmate's request for a witness is denied, the reasons shall be documented on the CDC Form 115." (§ 3315, subd. (e).)

[3]     Section 3084.3 provides in part that an inmate "(a) . . . shall obtain and attach all supporting documents, as described in section 3084(h), necessary for the . . . resolution of his or her appeal issue prior to submitting the appeal to the appeals coordinator. [¶] (b) The inmate . . . shall not delay submitting an appeal within time

request for services process should be utilized prior to submitting a formal appeal." In August 2011, the appeals coordinator rejected Harrell's appeal two additional times for failing to submit all records violation documents. The appeals coordinator further advised Harrell that his appeal was rejected because he had not submitted it on the departmentally approved appeal forms, and it would not accept attached letters. In December 2011, Harrell's appeal was cancelled for "[f]ailure to correct and return a rejected appeal within 30 calendar days of the rejection." (§ 3084.6, subd. (c)(10).)

In August 2012, Harrell petitioned the San Diego Superior Court for a writ of habeas corpus. He alleged Warden violated his right to due process by refusing to allow him to call witnesses at his factfinding hearing. In support, Harrell asserted in part that the hearing officer did not document the criteria he relied on to exclude Newland as a witness. In October 2012, the superior court denied the petition, assuming without finding the appeals process was futile and the hearing officer had failed to specify which

limits established in section 3084.8 if unable to obtain supporting documents, but shall submit the appeal with all available supporting documents and in Part B of their . . . Inmate . . . appeal, provide an explanation why any remaining supporting documents are not available. Time limits for filing an appeal are not stayed by failure to obtain supporting documentation and commence as set forth in subsection 3084.8(b). [¶] (c) Failure to attach all necessary supporting documents may result in the appeal being rejected as specified in subsection 3084.6(b)(7). The appeals coordinator shall inform the inmate . . . that the appeal is rejected because necessary supporting documents are missing. The appellant shall be allowed an additional 30 calendar days to secure any missing supporting documents and resubmit the appeal. [¶] (d) The appeals coordinator may grant additional time extensions beyond the initial 30 calendar day extension if the inmate . . . submits a reasonable explanation of why the supporting documents still are not available." In part, section 3084.6 provides: (a) Appeals may be rejected pursuant to subsection 3084.6(b) . . . as determined by the appeals coordinator. [¶] . . . [¶] (b) An appeal may be rejected for any of the following reasons, which include, but are not limited to: [¶] . . . [¶] The appeal is missing necessary supporting documents as established in section 3084.3."

4

subsection of section 3315, subdivision (e) justified denying Harrell's request. It ruled: "[T]he guilty finding in this matter is supported by some evidence. As noted, a correctional officer witnessed Petitioner exchanging blows and fighting with Inmate Newland. Furthermore, the court finds that Petitioner fails to make a prima facie showing that Inmate Newland was willing to incriminate himself and concede that he started a fight with Petitioner, and thereby support Petitioner's claim of self-defense. . . . Assuming that . . . Inmate Newland was willing to testify and provide supporting evidence, such a declaration is reasonably available." It found Harrell's petition did not provide all reasonably available information or make a prima facie showing that Inmate Newland had relevant information and was willing to testify in support of Harrell's claim of self-defense.

In April 2013, Harrell filed a second habeas petition. This petition was identical to his first but added two exhibits: the superior court's order denying his first habeas petition and a typewritten declaration from inmate Newland in which Newland stated he had attacked Harrell under the belief he was another person, and that Harrell had responded by attempting to flee and defend himself by blocking blows and covering himself without attempting to strike Newland at any time.[4] The superior court ordered Warden to file an informal response. Addressing the merits of Harrell's claim without conceding the

---

[4] Newland's typewritten declaration is dated January 23, 2012. Pointing out the year is typewritten but the rest of the date is handwritten, and also that in his traverse Harrell referred to the January 23, *2013* declaration, Harrell argues the declaration was actually signed on January 23, 2013. The difference is of no moment, as Harrell knew from the time he filed his first habeas petition that the crux of his appeal was the absence of Newland's favorable testimony.

5

argument that he had failed to exhaust administrative remedies, Warden responded that Harrell's petition should be denied as successive, and Harrell had not justified his piecemeal presentation or his delay in presenting Newland's declaration. In part, Warden maintained Newland's testimony was unnecessary because the hearing officer made a credibility determination against Harrell: "[T]he hearing officer weighed the statements [of Harrell and the reporting officer] and found a preponderance of the evidence to support a guilty finding that Harrell was fighting with Inmate Newland." Further, Warden argued the question on review was whether there was any evidence in the record that could support the disciplinary board's conclusion, requiring that the decision stand. Finally, Warden pointed out the hearing officer cited section 3315, subdivision (e)(1) in denying Harrell's request for Newland's presence, but that any assumed lack of specificity of the hearing officer's decision did not support granting Harrell's sought-after relief.

The superior court issued an order to show cause and directed Department to explain why the relief sought in Harrell's petition should not be granted and address the merits of his petition. It its return, Warden argued Harrell had failed to exhaust his administrative remedies, his habeas petition was untimely and successive, and the hearing officer's decision was supported by some evidence and satisfied due process. Warden submitted a supporting declaration from the hearing officer, who averred that he denied Harrell's request for Newland's presence at the hearing by reference to section 3315, subdivision (e)(1); that based on the evidence in the record, Harrell's claim of self-defense was not credible; and in his experience, Newland's presence could pose a risk to his own and institutional safety. The hearing officer averred that Newland's testimony

6

"would not reliably add anything relevant to the evidence already in the record." According to the hearing officer, he considered those reasons sufficient to deny Harrell's request for Newland's testimony.

The superior court granted Harrell's petition for writ of habeas corpus. It found the administrative appeals process was futile in that Harrell's administrative appeals were "arbitrarily and/or erroneously rejected . . . ." It further found the hearing officer denied Harrell due process by refusing his request to present exculpatory evidence at his hearing and failing to give adequate notice of the grounds for its refusal. The court found the hearing officer's declaration, which it characterized as a "post hoc justification," did not remedy the failure to document his reasons for the ruling. It found Newland's testimony "clearly relevant" and supported Harrell's self-defense claim, and that Warden had not made a prima facie showing that Newland posed a security threat or that Warden lacked the ability to facilitate Newland's testimony without undue burdens on Department personnel or unnecessary security risks to personnel, Harrell, or Newland. The court ordered the rules violation report be set aside, and Warden to allow Harrell to present Newland's testimony, or a suitable substitute, if Warden elected to conduct another disciplinary hearing. The court did not address Warden's claim that Harrell's petition should be denied as successive.

Warden filed this appeal.

7

## DISCUSSION

### I. *Standard of Review*

Here, the court granted Harrell's habeas petition "after reviewing the [habeas] petitions . . . , the informal responses thereto, and the return and traverse." (Capitalization omitted.) When, as here, a superior court grants relief on a petition for habeas corpus without an evidentiary hearing, "the question presented on appeal is a question of law, which the appellate court reviews de novo. [Citation.]' [Citation.] Similarly, when a trial court makes findings 'based solely upon documentary evidence, we independently review the record.' " (*In re Stevenson* (2013) 213 Cal.App.4th 841, 857, quoting *In re Rosenkrantz* (2002) 29 Cal.4th 616, 677; *In re Zepeda* (2006) 141 Cal.App.4th 1493, 1497 [deferential review unwarranted where trial court holds no evidentiary hearing on habeas petition and court grants petition based solely upon documentary evidence].)

### II. *Harrell's Second Petition is Procedurally Barred as Repetitious and Piecemeal*

" '[H]abeas corpus is an extraordinary, limited remedy against a presumptively fair and valid final judgment . . . .' " (*In re Reno* (2012) 55 Cal.4th 428, 450.) Its limited nature is appropriate because use of the writ tends to undermine society's legitimate interest in the finality of its criminal judgments and " '[w]ithout finality, the criminal law is deprived of much of its deterrent effect.' " (*Id.* at p. 451, citing *In re Clark* (1993) 5 Cal.4th 750, 776.) " ' "A procedural system which permits an endless repetition of inquiry into facts and law in a vain search for ultimate certitude implies a lack of confidence about the possibilities of justice that cannot but war with the effectiveness of

8

the underlying substantive commands [punishing criminal acts] . . . . There comes a point where a procedural system which leaves matters perpetually open no longer reflects humane concern but merely anxiety and a desire for immobility." [Citation.]' [Citation.] ' " 'No one, not criminal defendants, not the judicial system, not society as a whole is benefited by a judgment providing a man shall tentatively go to jail today, but tomorrow and every day thereafter his continued incarceration shall be subject to fresh litigation.' " ' " (*In re Reno*, at p. 451.)

This state's high court has repeatedly emphasized that it does not condone abusive writ practice, including repeated or successive writ petitions. (*In re Reno*, *supra*, 55 Cal.4th at p. 454 [citing cases]; *In re Clark*, *supra*, 5 Cal.4th at p. 769.) Thus, it has over time recognized rules limiting the availability of habeas corpus relief, also known as " 'procedural bars.' " (*In re Reno*, at p. 452.) In *Clark*, a capital case, the court denied a defendant's habeas petition brought in May 1991 after the court had affirmed his guilt and death penalty judgments on appeal over a year earlier, and then was presented with the defendant's second petition filed three months later. (*In re Clark*, at p. 763.) The defendant's second petition raised claims that were merely "restatements or reformulations of arguments made and rejected on appeal or in the prior habeas corpus petition." (*Ibid*.)

The *Clark* court observed that its past decisions had at times considered the merits of successive petitions, suggesting some undefined exceptions to the rules against piecemeal or repetitious claims. (*In re Clark*, *supra*, 5 Cal.4th at p. 768.) It put those suggestions to rest: "It has long been the rule that absent a change in the applicable law

9

or the facts, the [state] court[s] will not consider repeated applications for habeas corpus presenting claims previously rejected. [Citation.] The court has also refused to consider newly presented grounds for relief which were known to the petitioner at the time of a prior collateral attack on the judgment. [Citation.] The rule was stated clearly in *In re Connor* [(1940)] 16 Cal.2d 701, 705 . . . 'In this state a defendant is not permitted to try out his contentions piecemeal by successive proceedings attacking the validity of the judgment against him.' " (*In re Clark*, 5 Cal.4th at pp. 767-768.) "Entertaining the merits of successive petitions is inconsistent with our recognition that delayed and repetitious presentation of claims is an abuse of the writ. [¶] 'It is the policy of this court to deny an application for habeas corpus which is based upon grounds urged in a prior petition which has been denied, where there is shown no change in the facts or the law substantially affecting the rights of the petitioner.' " (*In re Clark*, at p. 769; see also *In re Reno*, *supra*, 55 Cal.4th at p. 455.)

The court thus established a strict pleading standard when considering a successive writ petition. (*In re Reno*, *supra*, 55 Cal.4th at p. 455.) " '[T]he petitioner . . . bears the initial burden of alleging the facts on which he relies to explain and justify delay and/or a successive petition.' " (*Ibid*., citing *In re Clark*, *supra*, 5 Cal.4th at p. 798, fn. 35.) Where a petitioner does not " 'state[ ] specific facts to establish that his newly made claims were presented without substantial delay' or explain why any of the claims were based on a legal error involving 'a fundamental miscarriage of justice,' " the court should deny the petition "without 'consider[ing] the merits of any of the claims.' " (*In re Reno*, at p. 455.) *Clark* therefore instructs that "[b]efore considering the merits of a

10

second or successive petition, a California court will first ask whether the failure to present the claims underlying the new petition in a prior petition has been adequately explained, and whether that explanation justifies the piecemeal presentation of the petitioner's claims. . . . [¶] . . . [T]he court will also consider whether the facts on which the claim is based, although only recently discovered, could and should have been discovered earlier."  (*In re Clark*, at pp. 774-775.)

In this case, Harrell did not present a newly made claim in his second habeas petition.  He reiterated the very same claim: that he was denied due process by the hearing officer's decision denying his request to present the favorable testimony of inmate Newland.[5]  Nor is this a matter of Harrell having only "recently discovered" facts on which his claim was based (*In re Clark*, *supra*, 5 Cal.4th at p. 775), as Harrell was plainly aware when he filed his first habeas petition that Newland possessed evidence in his favor.  Nothing in Harrell's second petition provided any justification or explanation for repeating his claim after the superior court had already denied it on the merits. Accordingly, unless Harrell can demonstrate an exception to this procedural bar, i.e., facts showing "a fundamental miscarriage of justice has occurred" as we explain below, his unjustified successive and repetitive petition must not be entertained on the merits. (*Ibid.*)

---

5      Indeed, with the exception of the first page, Harrell's second petition is a photocopy of his first, with the petition and prayers for relief both dated July 9, 2012, and the same spelling and grammatical errors in the body and attached points and authorities.

III. *Harrell Did Not Demonstrate Any Exception to the Procedural Bar Against*

*Successive or Untimely Petitions*

The only exception to the rule barring successive habeas petitions, at least in capital cases, are "petitions which allege facts which, if proven, would establish that a *fundamental* miscarriage of justice occurred as a result of the proceedings leading to conviction and/or sentence." (*In re Clark*, *supra*, 5 Cal.4th at p. 797; see also *In re Reno*, *supra*, 55 Cal.4th at p. 472; *In re Robbins* (1998) 18 Cal.4th 770, 780-781.) "The magnitude and gravity of the penalty of death persuades us that the important values which justify limits on untimely and successive petitions are outweighed by the need to leave open this avenue of relief. Thus, for purposes of the exception to the procedural bar against successive or untimely petitions, a 'fundamental miscarriage of justice' will have occurred in any proceeding in which it can be demonstrated: (1) that error of constitutional magnitude led to a trial that was so fundamentally unfair that absent the error no reasonable judge or jury would have convicted the petitioner; (2) that the petitioner is actually innocent of the crime or crimes of which the petitioner was convicted; (3) that the death penalty was imposed by a sentencing authority which had such a grossly misleading profile of the petitioner before it that absent the trial error or omission no reasonable judge or jury would have imposed a sentence of death; [or] (4) that the petitioner was convicted or sentenced under an invalid statute. These claims will be considered on their merits even though presented for the first time in a successive

petition . . . ." (*In re Clark*, at pp. 797-798.)[6]  "The words used to articulate the *Clark* exceptions to our timeliness rules—'*fundamentally* unfair,' '*actually* innocent,' '*grossly* misleading profile,' '*invalid* statute' . . . —indicate how high the bar is to a litigant's successfully invoking these narrow exceptions."  (*In re Reno*, 55 Cal.4th at p. 472.)

Because Harrell's matter is not a capital case, we question whether any of these exceptions are available to him.  (See *Rosales v. Dawson* (C.D. Cal. Dec. 12, 2008, No. SACV 08-174-DSF (AGR)) 2008 WL 5233197, fn. 7.)  Assuming without deciding they are, we conclude he did not demonstrate facts entitling him to relief on any of these grounds.

A.  *Harrell Did Not Demonstrate a Fundamental Constitutional Error Such that No Reasonable Judge or Jury Would Have Convicted Him Absent the Error*

As for the first exception, "merely asserting, without more, that a claim has a plausible constitutional basis does not satisfy the pleading burden to allege that an otherwise untimely [or successive] claim addresses a fundamental constitutional error such that no reasonable judge or jury would have convicted petitioner absent the error.  . . .  [T]o qualify under this narrow exception, the claim 'must be such that it would "undermine the entire prosecution case and point *unerringly* to innocence or reduced culpability." ' "  (*In re Reno*, *supra*, 55 Cal.4th at p. 473, italics added.)  And "[t]o state a

---

6       Harrell's case does not implicate the third exception applicable to capital cases, or the fourth exception, which requires conviction under an invalid statute.  (*In re Clark*, *supra*, 5 Cal.4th at p. 798.)

13

prima facie case for relief on this ground the petitioner would have to persuade the court that had the excluded evidence been presented he *would have been* acquitted or convicted of a lesser offense."  (*In re Clark*, *supra*, 5 Cal.4th at p. 797. fn. 32, italics added.)

In assessing the first exception, we do "not *decide* whether the alleged error actually constitutes a federal constitutional violation.  Instead, we shall assume, for the purpose of addressing the procedural issue, that a federal constitutional error is stated, and we shall find the exception inapposite if, based upon our application of state law, it cannot be said that the asserted error 'led to a trial that was so fundamentally unfair that absent the error no reasonable judge or jury would have convicted the petitioner.' "  (*In re Robbins* (1998) 18 Cal.4th 770, 811-812.)

Here, while Newland's declaration stated he mistakenly attacked Harrell and Harrell defended himself, this testimony from another incarcerated inmate was to be weighed against the correctional officer's observation that the inmates were striking *each other* with clenched fists.[7]  Harrell's second petition did not otherwise demonstrate or

---

[7]     We further observe that though Newland's declaration states that all of his statements are "made upon my personal knowledge," he then concludes:  "I declare under penalty of perjury and under the laws of the state of California, that the foregoing is true and correct *to the best of my knowledge*." (Italics added.)  A person's declaration made "to the best of [his] knowledge" has been held incompetent because it indicates something less than personal knowledge.  (See *Bowden v. Robinson* (1977) 67 Cal.App.3d 705, 719-720; but see *Katelaris v. County of Orange* (2001) 92 Cal.App.4th 1211, 1215-1216 [declining to read *Bowden* as nullifying a declaration, instead suggesting that courts should evaluate the phrase in context to decide whether it injects uncertainty to such an extent to render the statement inadequate]; see also *Pelayo v. J.J. Lee Management Co., Inc.* (2009) 174 Cal.App.4th 484, 492 [declaration concluding "I swear under penalty of perjury under the laws of the State of California that the forgoing is true and correct to the best of my knowledge" did not render the declaration

14

explain why, in view of the conflicting stories, a reasonable trier of fact could not reach any conclusion but that Harrell was acting in self-defense. Nor did Harrell's traverse provide the court with any basis for considering the petition on the merits. In his traverse, Harrell states he "presented all claims in a single timely petition" and "alleges facts which if proven would establish that a fundamental miscarriage of justice occurred as a result of the proceedings." He alleged he "adequately explained (memorandum points of authorities [*sic*] 2nd filing) the piecemeal presentation of prima facie showings, in response to order denying petition . . . ." He alleged he "demonstrated that he had good reason to believe that other meritorious claims existed and the existence of the facts supporting those claims could not with due diligence have been confirmed at an earlier time." He alleged he "demonstrated this fact by exercising due diligence obtaining and presenting the declaration by Inmate Newland dated 1-23-13." Harrell stated that "for these reasons [his] successive filing should be accepted and ruled on its merits."

Harrell's mere assertions of federal constitutional error are not sufficient. (*In re Reno*, *supra*, 55 Cal.4th at p. 473.) And having reviewed the points and authorities filed with his second petition (which, as stated, is identical to Harrell's first filing) we perceive no "justification" for the successive or piecemeal filings. Under the circumstances, the trial court was required to summarily deny Harrell's successive writ petition.

---

inadmissible where the declaration otherwise established that the declarant was speaking on her own personal knowledge and the statements made were not equivocal or indicate doubt as to what occurred].)

15

B. *Harrell Cannot Meet the Actual Innocence Exception*

For the same reasons, Harrell cannot demonstrate facts bringing his claims within the actual innocence exception. To establish this exception, Harrell must show that the purported evidence of innocence undermines the entire prosecution case and points unerringly to innocence or reduced culpability. (*In re Robbins*, *supra*, 18 Cal.4th at p. 811.) "Evidence relevant only to an issue already disputed at trial, which does no more than conflict with trial evidence, does not constitute ' "new evidence" that fundamentally undermines the judgment.[ ]' " (*In re Clark*, 5 Cal.4th at p. 798, fn. 33.) It is not sufficient that the evidence might have raised a reasonable doubt as to guilt; rather, Harrell must establish actual innocence, a standard that cannot be met with evidence that a reasonable jury could have rejected. (*Ibid.*) In short, Harrell bears a heavy burden of satisfying the court that the evidence of innocence could not have been, and presently cannot be, refuted. (*Ibid.*) As we have explained, Newland's declaration, because it merely contradicts the correctional officer's observations, does not satisfy that test.

Accordingly, Harrell " ' "is not permitted to try out his contentions piecemeal by successive proceedings attacking the validity of the judgment against him." ' " (*In re Reno*, *supra*, 55 Cal.4th at p. 497, fn. omitted, quoting *In re Clark*, *supra*, 5 Cal.4th at p. 768.) For the foregoing reasons, the trial court should have summarily denied Harrell's successive petition for writ of habeas corpus as procedurally barred.

DISPOSITION

The superior court's January 21, 2014 order granting Mark Allen Harrell's April 2013 petition for writ of habeas corpus is reversed and the matter remanded to the superior court with directions to issue a new order denying the petition.


O'ROURKE, J.

WE CONCUR:

McCONNELL, P. J.

IRION, J.