Filed 3/23/26  Macias v. The Vons Companies CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| JOSEPH MANUEL MACIAS,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>THE VONS COMPANIES et al.,<br><br>Defendants and Respondents. | B344639<br><br>(Los Angeles County<br>Super. Ct. No. 21STCV10352) |

APPEAL from judgments and orders of the Superior Court of Los Angeles County, Christian R. Gullon, Judge.  Affirmed in part and dismissed in part.

Gelb Law, Yisrael Gelb; Law Offices of Steven Ibarra and Steven Ibarra for Plaintiff and Appellant.

Lewis Brisbois Bisgaard & Smith, Jeffry A. Miller, Tracy D. Forbath, Daniel R. Velladao and Justin S. Kim, for Defendants and Respondents.

_____

## INTRODUCTION

Joseph Manuel Macias sued The Vons Companies, Inc. (Vons), SLX Property, LLC (SLX), and KCAL P&C Insurance Services (KCAL) for personal injuries he suffered in a fall on property owned by SLX. The fall occurred in a parking lot, more specifically in the part of that lot serving a business operated by SLX's tenant, KCAL, and which was adjacent to a Vons grocery store.[1] After granting prior demurrers with leave to amend, the trial court granted defendants' motions to strike Macias's third amended complaint on the grounds Macias had filed it after a deadline imposed by the court and had included in it additional factual allegations and legal theories as to which the court had not granted leave to amend. After the court dismissed Macias's action and entered judgments of dismissal for each defendant, it denied a motion by Macias to vacate and set aside those dismissals pursuant to Code of Civil Procedure[2] section 473, subdivision (b) (section 473(b)).

Macias now appeals the dismissal of the action and the trial court's denial of his subsequent motion to vacate and set aside the dismissal. His appeal from the dismissal includes an attempt to appeal a nonappealable order and is otherwise untimely; because we lack jurisdiction, we dismiss that portion of his appeal. We affirm the denial of Macias's motion to vacate and

---

[1] Macias also initially sued Albertsons Companies, Inc., apparently based on its status as Vons's parent company. He later named Vons as a Doe defendant and dismissed Albertsons Companies, Inc.

[2] Unspecified statutory references are to the Code of Civil Procedure.

2

set aside because the court correctly concluded that Macias did not qualify for mandatory relief under section 473(b), and did not abuse its discretion in denying discretionary relief under that same statute.

## FACTUAL AND PROCEDURAL BACKGROUND

**A.     Macias Sues for Injuries Arising from a Slip and Fall**

On March 17, 2021, Macias filed a Judicial Council form complaint asserting causes of action for premises liability and negligence.  He alleged that on July 1, 2020, as "[he] was walking from his vehicle to grab a grocery cart . . . he slipped and fell . . . from the water that was draining from the building pipes located/near Vons [g]rocery [s]tore and the KCAL Insurance Agency that were negligently installed without a proper placement of a mechanism to prevent water from flowing onto the parking lot and paint striping."  Macias alleged he "suffered injuries to his upper left shoulder, left elbow, left knee and lower back."  On April 21, 2021, Macias filed a first amended complaint, which again was on a Judicial Council form and which repeated the allegations from the original complaint except that the date of the slip and fall was changed to August 22, 2019.

**B.     Macias Files a Second Amended Complaint**

After Macias filed the first amended complaint, the case remained essentially dormant for approximately two years and eight months.  On January 2, 2024, the court permitted Macias to file a second amended complaint.  In the second amended complaint, Macias asserted claims under Civil Code sections 51 (the Unruh Civil Rights Act) and 54.1 (part of the Disabled Persons Act), both of which provide disabled persons with the right to access businesses open to the public (Civ. Code, §§ 51,

3

subd. (b), 54.1, subd. (a)(1)) and are violated by "[a] violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336)" (*id*., §§ 51, subd. (f), 54.1, subd. (d)). Macias alleged he "ha[d] been legally disabled since in or around 2004," and fell in the area of a handicapped parking stall where there was "an uneven inclined 'slope,' which d[id] not conform with the pertinent California [b]uilding [c]odes and A[mericans with ]D[isabilities ]A[ct] requirements per code." He alleged, "[a]s he walked towards the grocery cart, which was located on the sidewalk immediately parallel to the subject handicap stalls, [he] slipped and fell. He slipped because of: (1) the water draining from the building pipes located at or near Vons . . . and . . . KCAL . . . , and (2) because of the uneven, inclined slope located at the point where the handicapped-blue-stripped lines end and the above mentioned sidewalk begins." He further alleged "[he] ha[d] been prevented from accessing and using defendants' goods, services, and facilities to the same extent as, and in a manner equal to, able-bodied customers." (Capitalization omitted.) He sought "damages to compensate him for the physical injuries, difficulty, discomfort, and embarrassment he experienced when utilizing defendants' noncompliant public accommodations." (Capitalization omitted.)

The second amended complaint did not itself set forth any causes of action for negligence or premises liability. In its first paragraph, under the heading, Introduction, the second amended complaint stated, "This is an action for damages pursuant to the Unruh [Civil Rights] Act ([Civ.] Code[,] § 51 et seq.) and the Disabled Persons Act ([Civ.] Code[,] § 54.1 et seq.). These causes of action are being alleged and added to the already existing

4

causes of action for negligence and premises liability, both of which are plead [*sic*] within [Macias]'s initial complaint."

## C. Defendants File Demurrers and Motions to Strike Which the Trial Court Sustains and Grants

On March 27, 2024, Vons and SLX filed demurrers to the second amended complaint contending that Macias's claims under Civil Code sections 51 and 54.1 did not relate back to his initial complaint and were barred by the applicable statute of limitations.

Vons and SLX filed related motions to strike the reference in the second amended complaint to the previously pleaded claims for negligence and premises liability, contending that Macias could not incorporate his previously pleaded claims for negligence and premises liability into the second amended complaint by reference. In addition, SLX moved to strike the Civil Code sections 51 and 54.1 claims on the ground that the second amended complaint was not verified as required by section 425.50, subdivision (b)(1)[3] and was not accompanied by an advisement from Macias's counsel as required by Civil Code section 55.3, subdivision (b).[4]

---

[3] Section 425.50, subdivision (b)(1) requires a plaintiff to verify a complaint alleging a construction-related accessibility claim, and states that "[a] complaint filed without verification shall be subject to a motion to strike." (*Ibid.*)

[4] Civil Code section 55.3, subdivision (b) requires a plaintiff's attorney to provide along with a complaint asserting a construction-related accessibility claim a written advisory to the defendant about the defendant's rights and obligations (*id.*, subd. (b)(1)) and a Judicial Council approved verified answer form (*id.*, subd. (b)(2)).

5

KCAL later filed a joinder in Vons's and SLX's demurrers and motions to strike.

In his opposition to the demurrers, Macias contended that his claims under Civil Code sections 51 and 54.1 related back to his original complaint. In the alternative, Macias contended that the claims were timely, even without relating back to his original complaint, because he had discovered the factual basis for them within two years of filing his second amended complaint. Macias apparently filed a separate opposition to the motions to strike but did not include the document in his appellant's appendix.

In reply, Vons asserted that Macias had unreasonably delayed in adding his claims under Civil Code sections 51 and 54.1, and that this delay had prejudiced Vons. In its reply, SLX contended that Macias should have discovered the factual basis for his claims under Civil Code sections 51 and 54.1 "at the time of, if not shortly after his injury," and his delayed discovery argument therefore failed.

Prior to the hearing on the demurrers and motions, the trial court published a tentative ruling sustaining the demurrers without leave to amend, granting the motions to strike without leave to amend, and granting KCAL's joinder. In the tentative ruling, the court concluded that Macias's claims under Civil Code sections 51 and 54.1 did not relate back to his original complaint and were thus time-barred because they were filed more than four years after the alleged injury, and that Macias could not incorporate his premises liability and negligence claims by reference. Although the tentative ruling stated the court was inclined to sustain the demurrers without leave to amend, it granted Macias leave "to amend his complaint to re-allege his

6

previous causes of action for negligence and premises liability as set forth in his original complaint and [first amended complaint]."

After hearing argument, the court adopted its tentative ruling on June 24, 2024 as the final ruling. The court set July 15, 2024 as the deadline for Macias to file a third amended complaint to assert his premises liability and negligence claims.

### D. Macias Files a Third Amended Complaint

Over five weeks after the July 15, 2024 deadline, Macias filed a third amended complaint on August 21, 2024, asserting claims for premises liability and negligence. The pleading set forth several general allegations which Macias had not included in the original and first amended complaints which related to Macias's time-barred claims under Civil Code sections 51 and 54.1. Those allegations included that the handicap parking spaces had been converted from a patio area, "that the area between where the last handicap stall and its striping end and where the sidewalk pavement begins contains an uneven inclined 'slope,' which does not conform with the pertinent California [b]uilding [c]odes," and that "defendants failed to alter, convert, remodel, and renovate the former patio area in compliance with proper standards and/or violations. This failure was the direct and proximate cause of [Macias]'s injuries." (Capitalization omitted.)

The premises liability and negligence causes of action also included new allegations. As to the premises liability claim, the third amended complaint repeated the prior allegation that "[Macias] slipped and fell from the water that was draining from the building pipes located/near Vons [g]rocery [s]tore and the KCAL Insurance Agency that were negligently installed without a proper placement of a mechanism to prevent water from

7

flowing onto the parking lot and paint striping." However, it also added the allegation, "[t]his condition [relating to water], *along with other conditions and factors*, played a role in the dangerous condition which was a substantial factor in causing the subject slip and fall." (Italics added.) As to the negligence claim, the third amended complaint no longer alleged that Macias had slipped on water and instead alleged that, "[a]s a direct and proximate cause of the [d]efendants' violation of the applicable building and safety codes, as alleged above, [Macias] suffered bodily injury when using and traversing [d]efendants' non-compliant reconverted patio, as well as difficulty, discomfort, and embarrassment."

### E.     The Trial Court Strikes the Third Amended Complaint and Dismisses the Action

Vons and SLX moved to strike Macias's third amended complaint on the ground it was untimely and because Macias had incorporated new allegations in violation of the trial court's order to re-plead his claims " 'as set forth in his original complaint and [first amended complaint].' " Vons and SLX both requested the court dismiss Macias's action with prejudice under section 581, subdivision (f)(2).[5]

Macias opposed the motions. He contended that the trial court's June 24, 2024 order did not preclude him from adding allegations regarding "the factual conditions of the premises,

---

[5] This provision, with an exception not applicable here, permits a trial court to dismiss a complaint where, "after a demurrer to the complaint is sustained with leave to amend, the plaintiff fails to amend it within the time allowed by the court and either party moves for dismissal." (§ 581, subd. (f)(2).)

8

including the uneven surface and failure to adhere to applicable building codes," and that such allegations were relevant to his premises liability and negligence claims. Macias's opposition quoted the following purported statement in *La Jolla Village Homeowners' Assn. v. Superior Court* (1989) 212 Cal.App.3d 1131, 1143 (disapproved on another ground in *Jimenez v. Superior Court* (2002) 29 Cal.4th 473, 481, fn. 1): "A plaintiff may amend the complaint to allege additional facts in support of the causes of action originally pled, even if the additional facts make it a better or more complete statement of the case." He elsewhere stated that "it is well-settled that a plaintiff is permitted to amend their pleadings to add factual details that are material to their claims, as long as these facts do not introduce new and previously barred causes of action," and again cited in support *La Jolla Village Homeowners' Assn.* along with *Trafton v. Youngblood* (1968) 69 Cal.2d 17, 31. Neither case stood for the proposition Macias claimed. *La Jolla Village Homeowners' Assn.* does not contain the language Macias purported to quote.[6] *Trafton* concerns the amendment of affirmative defenses in an answer to conform to proof at trial; to the extent that concept was somehow relevant to Macias's proposed amendment to the third amended complaint, the Supreme Court stated at the page cited by Macias that " 'amendments of pleadings to conform to the proofs should *not* be

---

[6] The case instead concerns whether the plaintiff could state causes of action for strict products liability and nondisclosure against construction subcontractors. (*La Jolla Village Homeowners' Assn. v. Superior Court*, *supra*, 212 Cal.App.3d at p. 1136.) The Court of Appeal affirmed the trial court's grant of judgment on the pleadings as to those two causes of action. (*Id.* at pp. 1142-1152.)

9

allowed when they raise new issues not included in the original pleadings.' " (*Trafton v. Youngblood*, *supra*, at p. 31, italics added.) Macias did not directly address the timeliness of the third amended complaint but argued that defendants could only move for dismissal after having obtained an order striking the operative complaint.

KCAL joined in Vons's and SLX's motions.

Before the hearing on the motions, the court posted a tentative ruling granting the motions to strike and dismissing the action with prejudice. The tentative ruling included the following findings and legal conclusions. Macias "offer[ed] no explanation in his oppositions as to the untimely filings and made no noticed motion" to extend the deadline for filing the third amended complaint and "th[e] action was filed in March of 2021, over three and a half years ago. It is [Macias]'s obligation to timely . . . prosecute a case, but the case is still at the pleading stage." (Boldface and italics omitted.) Macias's third amended complaint violated the court's June 24, 2024 order, by alleging new facts not included in his original and first amended complaints and "when read in totality, the amended complaint not only keeps allegations about architectural barriers [alleged in support of the stricken claims under Civil Code sections 51 and 54.1], but those alleged defects have also now become the proximate causes of the negligence and premises liability [claims]." (Boldface and italics omitted.) Defendants' motion to dismiss was granted for "the lack of adherence to deadlines in the case and exceeding the scope of leave to amend." The tentative ruling also concluded it was procedurally proper for defendants to concurrently move to strike the operative complaint and dismiss the action under section 581, subdivision (f)(2).

10

At the October 30, 2024 hearing on the motion, Macias again miscited *La Jolla Village Homeowners' Assn.* as support for the purported permissibility of his proposed amendment. He asserted he did not violate the June 24, 2024 order by adding new allegations because "the court did not say that [Macias] couldn't add facts to clarify [his] negligence and premises liability causes of action." Macias argued that he had been diligent in prosecuting the matter and that the COVID-19 pandemic and the transfer of his case from downtown Los Angeles to the Pomona courthouse had delayed the case. One of Macias's lawyers, Steven Ibarra, stated the untimely filing of the third amended complaint was "[his] fault" and "[he] was under the impression that [his cocounsel] was going to file the amended complaint, but [he] was wrong."

At the conclusion of the October 30 hearing, the court adopted its tentative ruling as its final ruling. The court signed judgments of dismissal in favor of Vons and SLX that day, and in favor of KCAL two days later. SLX served and filed a notice of the judgment of dismissal on November 1, 2024. Vons served and filed a notice of the judgment of dismissal on November 5, 2024. KCAL served and filed a notice of the judgment of dismissal on November 20, 2024.

**F.    Macias Moves to Vacate and Set Aside the Dismissals and the Trial Court Denies the Motion**

On November 25, 2024, Macias filed a motion under section 473(b) to vacate and set aside the dismissal of his action. That section "provides two separate provisions for relief from default or dismissal. [Citation.] 'One affords discretionary relief, and the other makes relief mandatory.' " (*Hernandez v. FCA US LLC* (2020) 50 Cal.App.5th 329, 335.) Macias contended he was

11

entitled to both mandatory and discretionary relief because the dismissal resulted from the fault of his attorney, Ibarra, in failing to timely file the third amended complaint. In a declaration, Ibarra averred that, "[d]ue to a miscommunication between [his] office and [cocounsel's office], neither office properly calendared the [c]ourt imposed deadline of July 15, 2024 [to file the third amended complaint]." Ibarra did not hand sign the declaration, but was the person who e-filed it.

Vons and SLX opposed the motion, contending that relief under section 473(b) was not available for the type of dismissal at issue (which resulted from a noticed motion opposed by the plaintiff), the motion failed because it did not address the trial court's finding that the third amended complaint violated its June 24, 2024 order by including new factual allegations, Ibarra's declaration presented inadmissible hearsay as to his cocounsel's calendaring mistake, Ibarra's declaration was unsigned, and Macias had failed to submit a proposed pleading with his motion as required by section 473(b).

KCAL joined in Vons's and SLX's oppositions.

In reply, Macias contended that he was merely seeking to reinstate his first amended complaint. He "acknowledge[d] the [trial c]ourt's concerns regarding the inclusion of allegations related to building code violations and architectural barriers" and indicated he "[wa]s willing to strike those allegations." Macias asserted that both mandatory and discretionary relief were appropriate based on his counsel's "calendaring error and miscommunication." He contended that no proposed pleading was required because his third amended complaint had already been filed and argued that Ibarra's declaration of fault "provide[d] a clear explanation of the error."

12

At the hearing held on February 14, 2025, the court asked how Macias could obtain relief under section 473(b) for his counsel's intentional conduct in adding new allegations in violation of the court's June 24, 2024 order. Macias responded that the court's order was unclear and did not include "[a] limitation about adding new facts to support" the premises liability and negligence claims, and Macias's counsel reasonably interpreted the order to permit new allegations. The court disagreed that counsel could reasonably interpret the June 24, 2024 ruling in that manner and stated its belief that counsel "didn't like the ruling and . . . decided that they were going to try to get around th[e] ruling." At the conclusion of the hearing the court took the matter under submission.

On February 26, 2025, the court issued a written order denying Macias's motion to vacate and set aside the dismissals. The court observed that Macias's motion "ignore[d] the main reason for dismissal, which was [Macias's] counsel's *intentional* decision to exceed the scope of leave to amend," and concluded that both mandatory and discretionary relief were unavailable because "[Macias]'s counsel made a deliberate and intentional decision to exceed the scope of leave to amend." The court also found that Ibarra's declaration was inadmissible hearsay because Ibarra lacked personal knowledge as to why his cocounsel had also failed to file a timely third amended complaint. The court further concluded that mandatory relief was unavailable because Macias had opposed the motions to strike and, thus, the motions had not been granted due to a default.

Macias filed a notice of appeal on March 5, 2025.

13

## DISCUSSION

Macias's notice of appeal references the following orders or judgments: (1) the June 24, 2024 order sustaining the demurrers to the second amended complaint and granting the motions to strike; (2) the October 30, 2024 judgments of dismissal; and (3) the February 26, 2025 order denying Macias's motion to vacate and set aside pursuant to section 473(b). The first two of these three are not properly before us, requiring we dismiss the appeal from the June 24, 2024 order and the judgments of dismissal. We have appellate jurisdiction over the third order, but perceive no error in the court's denial of the motion to vacate and set aside.

### A. We Lack Appellate Jurisdiction Over the June 24, 2024 Order and the Judgments of Dismissal

#### 1. *The June 24, 2024 Order is not Appealable*

Macias seeks to appeal the court's June 24, 2024 order sustaining the demurrers to the second amended complaint and granting the motions to strike. No appeal may be taken from an order sustaining a demurrer. (*Meinhardt v. City of Sunnyvale* (2024) 16 Cal.5th 643, 653.) Nor does any direct appeal lie from an order granting a motion to strike, except in circumstances not present here. (*Walnut Producers of California v. Diamond Foods, Inc.* (2010) 187 Cal.App.4th 634, 641.) We therefore lack jurisdiction over any appeal from the June 24, 2024 order.[7]

---

[7] Even were the trial court's June 24, 2024 order appealable, Macias failed to appeal within 180 days from the entry of the order and therefore any direct appeal from the order would be untimely. (Cal. Rules of Court, rule 8.104(a)(1)(C).)

The right of appeal instead lies from the subsequent judgment or order of dismissal. (*Meinhardt v. City of Sunnyvale*, *supra*, 16 Cal.5th at p. 653.) But as explained next, Macias did not timely appeal from the judgments of dismissal.

### 2. *Macias Did not Timely Appeal the October 30 (and November 1), 2024 Judgments of Dismissal*

"Unless a statute or [California Rules of Court,] rules 8.108, 8.702, or 8.712 provide otherwise, a notice of appeal must be filed on or before the earliest of[ ¶] . . . [¶] . . . 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, accompanied by proof of service." (Cal. Rules of Court,[8] rule 8.104(a)(1)(B).) Rule 8.108(c), in turn, provides for an extension of the time prescribed by rule 8.104 to appeal from the judgment when "any party serves and files a valid notice of intention to move–or a valid motion–to vacate the judgment." (Rule 8.108(c).) The extension is limited, however, and Macias tarried beyond the time afforded by that extension before filing his notice of appeal.

The trial court entered the judgments of dismissal on October 30 and November 1, 2024,[9] and defendants served

---

[8] Unspecified rule references are to the California Rules of Court.

[9] Although the notice of appeal references only the judgments of dismissal dated October 30, 2024, we liberally construe the notice of appeal to include the one additional judgment of dismissal entered on November 1, 2024. (*Norco Delivery Service, Inc. v. Owens-Corning Fiberglas, Inc.* (1998) 64 Cal.App.4th 955, 960-961.)

15

notices of entry of judgment along with file-endorsed copies of the dismissals on various dates in November 2024. Thus, under rule 8.104(a)(1)(B), the deadline for Macias to appeal the judgments was set to expire at various dates in December 2024 and January 2025. On November 25, 2024, Macias filed his motion to vacate and set aside the dismissals, which extended his deadline to appeal under rule 8.108(c). Rule 8.108(c) extends the appeal deadline to "*the earliest of*: [¶] (1) 30 days after the superior court clerk or a party serves an order denying the motion or a notice of entry of that order; [¶] (2) 90 days after the first notice of intention to move—or motion—is filed; or [¶] (3) 180 days after entry of judgment." (Italics added.) The earliest of those dates here is 90 days after notice of the motion to vacate. As that motion was filed November 25, 2024, Macias needed to file his notice of appeal as to all three judgments no later than February 24, 2025. Macias did not file his notice of appeal until March 5, 2025. Because his appeal of the judgments is untimely, we lack jurisdiction to consider it. (*English v. IKON Business Solutions, Inc.* (2001) 94 Cal.App.4th 130, 135.)

Macias argues that each of defendants' notices of entry of the judgments were defective in some manner, so that under rule 8.104(a)(1)(C) his appeal was due 180 days from the entry of the judgments and his appeal was timely filed within that period. This argument fails because defendants provided Macias with effective notice of the judgments. Macias complains that KCAL's notice of entry of judgment refers to the date of the judgment as October 30, 2024, while the judgment in KCAL's favor was actually filed on November 1, 2024. This point is unavailing because KCAL also served a file-stamped copy of the judgment, which was independently sufficient notice under rule

16

8.104(a)(1)(B). Furthermore, Macias has forfeited any claim that KCAL's notice of entry of judgment was defective on the ground it reflected the judgment date as October 30, 2024, because Macias's own notice of appeal lists only that date, and does not include November 1, 2024.

Macias further argues that SLX's and Vons's notices of entry of judgment were invalid because the attached proofs of service did not include the servers' e-mail addresses as required by section 1013b, subdivision (b)(1). We disagree. The proofs of service correctly listed the recipients' email address and otherwise substantially complied with the requirements of rule 8.104(a)(1)(B) and section 1013b, and Macias does not contend that the lack of the servers' e-mail addresses had any practical impact whatsoever. (*Glasser v. Glasser* (1998) 64 Cal.App.4th 1004, 1011; *Douglas v. Janis* (1974) 43 Cal.App.3d 931, 936-937.) As is explained in the Advisory Committee Comment to rule 8.104(a)(1)(B), the purpose of requiring a proof of service is to clearly identify the date of service, which is the date that triggers the running of the 60-day appeal period. The proofs of service here clearly identified the dates of service.

## B. The Trial Court Did Not Err in Denying Macias's Motion to Vacate and Set Aside the Dismissals

Macias challenges the trial court's denial of mandatory and discretionary relief under section 473(b). His appeal of that order is timely and properly before us. (§ 904.1, subd. (a)(2).)

17

1.  *The Trial Court Did Not Err in Denying Relief under the Mandatory Provision of Section 473(b)*

    a.  Applicable Legal Principles and Standard of Review

Section 473(b) mandates that "the court shall, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to the attorney's mistake, inadvertence, surprise, or neglect, vacate any (1) resulting default entered by the clerk against the attorney's client, and which will result in entry of a default judgment, or (2) resulting default judgment or dismissal entered against the attorney's client, unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect."

"[T]he Legislature intended the word 'dismissal' to have a limited meaning in the context of the mandatory provision of section 473(b)." (*English v. IKON Business Solutions, Inc.*, *supra*, 94 Cal.App.4th at p. 148.)  "Courts have limited the application of the mandatory provision to those dismissals procedurally equivalent to defaults." (*Gotschall v. Daley* (2002) 96 Cal.App.4th 479, 483.)

" 'When a default [or dismissal] is the attorney's fault the court must grant a timely noticed motion for relief.  The only limitation is when the court finds [that] the default [or dismissal] was not in fact the attorney's fault, for example when the attorney is simply covering up for the client. . . .'  [Citation.] Thus, '[t]he court must also find that the default [or dismissal] was actually caused by the attorney's mistake, inadvertence,

18

surprise or neglect. . . .' " (*Todd v. Thrifty Corp.* (1995) 34 Cal.App.4th 986, 991.)

" '[I]f the prerequisites for the application of the mandatory provision of section 473[(b)] exist, the trial court does not have discretion to refuse relief.' " (*Carmel, Ltd. v. Tavoussi* (2009) 175 Cal.App.4th 393, 399.) We defer to the court's factual findings, so that "[w]hen . . . 'the evidence gives rise to conflicting reasonable inferences, one of which supports the findings of the trial court, the trial court's finding is conclusive on appeal.' " (*Johnson v. Pratt & Whitney Canada, Inc.* (1994) 28 Cal.App.4th 613, 623.)

b.    Analysis

The court did not err in denying Macias's motion for mandatory relief under section 473(b) because such relief is not available "where, as here, the statutes governing the exercise of the court's discretion in the rulings leading to the dismissal require the court to evaluate the reasons for delay, and counsel's neglect did not prevent the plaintiffs from presenting those reasons." (*Leader v. Health Industries of America, Inc.* (2001) 89 Cal.App.4th 603, 617.)

The trial court dismissed Macias's action based on defendants' noticed motions under section 581, subdivision (f)(2), which provides courts with discretion to dismiss an action where, "after a demurrer to the complaint is sustained with leave to amend, the plaintiff fails to amend it within the time allowed by the court and either party moves for dismissal." (*Ibid.*) Macias opposed the motions in writing and presented argument at the hearing on the motions. Mandatory relief under section 473(b) is not available where a trial court dismisses an action under section 581, subdivision (f)(2), as long as "the dismissal was entered after a hearing on noticed motions which required the

19

court to evaluate the reasons for delay in determining how to exercise its discretion." (*Leader v. Health Industries of America, Inc.*, *supra*, 89 Cal.App.4th at p. 620.) As the *Leader* court explained, "Like discretionary dismissals for delay in prosecution [which have been held to not be 'dismissals' subject to section 473(b)], ' "virtually all such dismissals are attorney caused and such a construction would result in a disfavored repeal of the discretionary dismissal statute[s] by implication." ' [Citations.] 'This conclusion is consistent with the narrow view of the Legislature's intent which appellate courts have taken, i.e., that the section's purpose was simply "to put plaintiffs whose cases are dismissed for failing to respond to a dismissal motion on the same footing with defendants who are defaulted for failing to respond to an action." ' " (*Ibid.*)[10]

Furthermore, even if section 473(b)'s mandatory relief provision could apply to the dismissals here, Macias was not entitled to mandatory relief because his motion to vacate and set

---

[10] We reject Macias's bald contention that *Leader* does not "comport with the legislative history [or] purpose of the statute" and his "invit[ation]" that we "decline to follow *Leader* in light of the intended broad liberal construction of section 473" because he fails to provide any analysis to support them. "As a general rule, ' "[w]hen an appellant raises an issue 'but fails to support it with reasoned argument and citations to authority, we treat the point as waived.' " ' " (*Estrada v. Public Employees' Retirement System* (2023) 95 Cal.App.5th 870, 889.) Macias cites no legislative history or case authority in support of his argument. He does cite *Martin Potts & Associates, Inc. v. Corsair, LLC* (2016) 244 Cal.App.4th 432, but that case does not include any commentary or criticism of the *Leader* decision or provide any contrary analysis.

aside did not address one of the two grounds the trial court relied upon in its dismissal ruling—that Macias's counsel had violated the court's June 24, 2024 order by including new allegations in the third amended complaint beyond those already set forth in the original and first amended complaints. Not only did Macias's motion not address this ground for dismissal, but Ibarra's declaration of fault only averred his mistake resulted in the third amended complaint not being timely filed; his declaration did not address the inclusion of new allegations in the pleading. "A trial court is required by [section 473(b)] to vacate a . . . dismissal that is 'in fact' caused by an attorney's 'mistake, inadvertence, surprise, or neglect' if the attorney files a sworn affidavit 'attesting' to such." (*Martin Potts & Associates, Inc. v. Corsair, LLC*, *supra*, 244 Cal.App.4th at pp. 435-436.) Macias failed to satisfy this requirement for relief under section 473(b).

2.    *The Trial Court Did Not Err in Denying Relief under the Discretionary Provision of Section 473(b)*

a.    <u>Applicable Legal Principles and Standard of Review</u>

The discretionary provision of section 473(b) provides, in relevant part, "The court may, upon any terms as may be just, relieve a party or the party's legal representative from a judgment, dismissal, order, or other proceeding taken against the party through the party's mistake, inadvertence, surprise, or excusable neglect." "A party seeking discretionary relief on the ground of attorney error must demonstrate that the error was excusable, since the attorney's negligence is imputed to the client." (*Huh v. Wang* (2007) 158 Cal.App.4th 1406, 1419.)

When a trial court denies a motion for discretionary relief under section 473(b), "[w]e review only to detect abuses of

21

discretion." (*Pagarigan v. Aetna U.S. Healthcare of California, Inc.* (2007) 158 Cal.App.4th 38, 44.) "The abuse of discretion standard is not a unified standard; the deference it calls for varies according to the aspect of a trial court's ruling under review. The trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious." (*Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 711-712, fns. omitted.)

        b.     <u>Analysis</u>

In denying Macias's motion to vacate and set aside the dismissals, the trial court found that the dismissals had resulted, in part, from unreasonable and intentional conduct by Macias's counsel. The court specifically found that counsel had intentionally violated its June 24, 2024 order by adding new allegations in the third amended complaint instead of simply restating the premises liability and negligence claims as set forth in the original and first amended complaints. It found that counsel's purported interpretation of the order was unreasonable and that counsel included the new allegations to attempt to circumvent the court's ruling that Macias's disability access claims under Civil Code sections 51 and 54.1 were time-barred.

These findings are supported by substantial evidence. The June 24, 2024 order was clear and permitted Macias only to re-file his premises liability and negligence claims "as set forth in his original complaint and [first amended complaint]." Macias's argument that "[t]here was nothing in the trial court's order that forbade Macias from alleging new facts" simply ignores the order's plain language and fails to reckon with his attempt to smuggle into the third amended complaint claims that the trial

22

court had already dismissed. In any event, Macias was not entitled to add new allegations absent specific permission from the court (§ 473, subd. (a)(1)), which Macias never obtained or even requested. Instead, Macias argued to the trial court that he was entitled to amend an already amended complaint without leave by relying on cases that said nothing of the sort. Furthermore, the trial court could reasonably infer that counsel included the new allegations to improperly pursue a time-barred claim based on disability access standards.

Given the court's findings, it acted within its discretion in denying the motion because permissive relief under section 473(b) is not available for a dismissal which was the result of intentional conduct or an unreasonable mistake of law. (*Pagarigan v. Aetna U.S. Healthcare of California, Inc.*, *supra*, 158 Cal.App.4th at p. 44.)

## DISPOSITION

The trial court's February 26, 2025 order denying Macias's motion to vacate and set aside the dismissals is affirmed.  The appeal from the June 24, 2024 order sustaining the demurrers to the second amended complaint and granting the motions to strike is dismissed because it is not an appealable order.  The appeal from the judgments of dismissal entered on October 30 and November 1, 2024 is dismissed as untimely.  Respondents are awarded their costs on appeal.

NOT TO BE PUBLISHED


WEINGART, J.


We concur:



ROTHSCHILD, P. J.



M. KIM, J.

24